## SADLER v. LEWERS.

REPLEVIN: *For property obtained by fraud: Innocent purchaser protected.*

Where one voluntarily parts with his property in exchange for stolen property, he can not, upon surrendering the stolen property to the true owner, recover his own from one who has acquired it for value and without notice of the fraud.

APPEAL from *Crawford* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*I. L. Fielder* for appellant.

1. There was a total failure of consideration in the matter of the trade between —— Beavers and appellant. Therefore Beavers had no title to the mare in controversy, and hence could convey none to Locke, and for the same reason Locke could convey none to appellee.

2. Beavers could give nothing more than the bare possession to Locke, which possession was fraudulently obtained and illegal.

3. No one can convey to another a better title than he himself has.

4. The doctrine of "market overt" does not obtain in this country, and the doctrine of "caveat emptor" must apply.

The distinction of "innocent purchaser" is drawn between drafts, bills of exchange, coin, etc., as contradistinguished from other species of personal property, such as that involved in this controversy.

*Second vol. Kent's Commentaries, p. 391 (marginal p. 325),* and note on following page; also *Schouler Personal Property, pp. 22, 25, 637 and 638; Ark. Justice, p. 163.*

*D. B. Locke* for appellee.

There can be no question of stolen property in this case. Sadler voluntarily parted with his possession and ownership and clothed Beavers with every indicia of title, and would be estopped from setting up a title as against a *bona fide* purchase from Beavers.

A sale procured by fraud is not *ab initio* void, but voidable only. Upon the discovery of the fraud, the vendor may rescind the sale and recover back his property; but, in the mean time, third persons who acquire an interest in the

property will be protected. See *Benjamin on Sales, sec. 433, p. 394,* and authorities there cited. *1 Parsons on Contracts, 520; Story on Sales, sec. 200, p. 149; Walter, Actions and Defenses, vol. 5, p. 637; Ark. Justice, sec.* ——, and authorities there cited.

One of two innocent persons must suffer from wrongful act of a third, and when this is the case, he must suffer who has by his conduct enabled such third person to perpetrate a fraud upon the other. Sadler, by clothing Beavers with the *indicia* of ownership, enabled him to perpetrate the fraud upon Locke. Mr. Sadler has his remedy against Beavers, and if he deals with irresponsible persons he must suffer the consequences.

### STATEMENT.

EAKIN, J. Sadler, in an action of replevin before a justice, recovered of Lewers a certain bay mare, and the latter appealed to the Circuit Court, retaining the property on bond.

The case was then submitted to the court on an agreed statement of facts, as follows:

" On the third day of March, 1882, one Beavers stole from some person in Crawford County, a mule, which he brought to plaintiff's house in Franklin County, and traded to plaintiff on the sixth day of March, 1882, for the mare now in controversy, the plaintiff paying ten dollars difference in the swap, and voluntarily parting with the possession and ownership of said mare, upon the representation made by said Beavers, that he (Beavers) owned said mule. Said Beavers returned with said mare to Crawford County, where he traded her for a valuable consideration to D. B. Locke, who afterwards traded her to the defendant, H. S. Lewers, who now has her in possession." It was further admitted that Locke and Lewers had bought

Sadler v. Lewers.

in good faith for value; that the stolen mule was afterwards delivered up by Sadler to the true owner, without compensation, and that the thief had absconded.

The court refused on plaintiff's motion to declare that the doctrine of *caveat emptor* applied to this case, and that there was a distinction between cases like this and cash, bills, etc., as regards innocent purchasers; but declared the law upon such cases as that stated, to be, that the owner of the mare could only recover her from the thief, or some purchaser with notice, or without valuable consideration. Judgment was rendered that defendant retain the property, and Sadler appeals.

OPINION.

There was no error in the declarations of law. One who voluntarily parts with property, although upon a fraudulent contract of sale, which he might rescind against the fraudulent purchaser, or one claiming under him without consideration or with notice, can not follow the property into the hands of an innocent purchaser for value. The doctrine of *caveat emptor* in such cases can not be invoked to protect one who voluntarily let his property go. The cases for its application are when the property is stolen, or comes by chance into the hands of the vendor who has no title. Then the true owner may recover. This mare was not stolen, nor did she come by chance to the hands of Beavers. She was voluntarily sold and delivered to Beavers by plaintiff, for a pretended consideration, which turned out to be worthless. He must bear the loss.

REPLEVIN: For property obtained by fraud. Innocent purchaser protected.

See numerous cases in *Story on Sales, sec. 200.*

Affirmed.