FORT SMITH MILLING COMPANY *v.* MIKLES.

Opinion delivered October 19, 1895.

REFORMATION OF MORTGAGE—PRIORITIES.—The rule that, in the absence of a statute, equity will reform a mortgage after record so as properly to describe land which by mistake had been misdescribed therein, and thereby render it superior to a judgment lien or to the title of a purchaser with notice at execution sale thereunder, although the judgment was rendered and the sale made after the mortgage was recorded and before it was reformed, is not changed by Sand. & H. Dig., sec. 5090, providing that every mortgage shall be a lien only from the time it is filed in the recorder's office.

Appeal from Logan Circuit Court in Chancery.

OSCAR L. MILES, Special Judge.

Action by J. N. Mikles, trustee in a deed of trust, against R. Garner and the Fort Smith Milling Company, to reform the deed of trust.

The complaint states that defendant Garner, to secure certain debts named, executed the deed of trust to plaintiff, and it was duly recorded; that, by mistake of the draftsman, there was a misdescription of the land conveyed; that subsequently the Fort Smith Milling Company obtained judgment against said Garner, and caused execution thereon to be levied upon the land intended to be conveyed by the deed of trust, and bought in the land under such execution; that, at and before its said purchase at sheriff's sale, the Fort Smith Milling Company was informed of the existence of said trust deed, and of the fact of the misdescription of the property, and of the rights of plaintiff and the said beneficiaries in said deed. And said defendant also well knew, at and before said purchase, of the pendency of a suit of J. N. Mikles, trustee, against R. Garner for the purpose of reforming said deed of trust, so as to make it properly describe the land according to the agreement and intention of the parties. Prayer was that the deed of trust be reformed, so as to describe properly the land intended to be conveyed, and that the purchase of the Fort Smith Milling Company be canceled.

The court overruled a demurrer to the complaint, and defendant appealed.

*Humphry & Warner* for appellant.

1. A mortgage constitutes no lien as against strangers, unless acknowledged and recorded, even though they have actual notice. Sand. & H. Dig. sec. 5091; 9 Ark. 116; 20 *id.* 193; 25 *id.* 158; 49 *id.* 461; 37 *id.* 94; 40 *id.* 540; 22 *id.* 136; 51 *id.* 419; 54 *id.* 179; 12 S. W.

.496. The same doctrine is held by many courts. 120 Ill. 308; 1 Metc. (Mass.) 212; 32 N. J. Eq. 65; 14 Oh. 428; 84 Pa. St. 36; 46 Tex. 416; 105 U. S. 703; 17 S. E. 13; 35 Miss. 506; 22 S. C. 146, and many others. To hold that filing for record is essential, as against creditors, and that, since it was in fact filed for record, although it did not describe nor convey, nor purport to convey, the property in controversy, nor refer to or mention it, it is nevertheless valid as against creditors, involves a contradiction utterly illogical and wholly inconsistent with law and reason, and cannot be upheld. Pom. Eq. Jur. secs. 653–4–5; 63 Ind. 576; 44 Mo. 309; 12 Iowa, 19; 31 *id.* 524; 49 *id.* 538; 20 Oh. 261; 1 Johns. Chy. 297. The registry is only notice to purchasers of the *amount* of the mortgage only. 9 Mich. 213; 24 Ill. 583; 62 Tex. 393; 10 Vt. 555; 92 Ill. 385; 39 Fed. 243. See also 48 Ark. 419.

2. It follows then that a mortgage cannot be reformed so as to cut off vested liens acquired by third parties subsequent to the mortgage but before notice of the defect, or of any attempt to reform. 26 Ohio St. 471, 474; 16 Ill. App. 316; 7 Cal. 294; 29 Mich. 162; 2 Humph. 116.

*D. B. Granger*, for appellee.

The authorities cited by counsel refer alone to registration of mortgages, and they overlook the fact as to *prior equities.* Appellant was not a purchaser for value, nor was he a prior creditor. He *knew* a suit was pending to reform when he purchased. This court has settled the controversy. 33 Ark. 119; 35 *id.* 127; 28 *id.* 82; 51 *id.* 390; 28 *id.* 372.

*James B. McDonough, amicus curiae.*

1. The statute requires all mortgages to be recorded, to constitute a lien as against strangers, even with notice. This mortgage is an equitable mortgage,

or nothing. If not recorded, it is not valid. 76 Me. 551; 1 Jones, Mortg. sec. 469; 1 Pingrey, Mortg. sec. 649. Land omitted from a mortgage occupies the status of an *unrecorded* mortgage. Jones, Mortg. sec. 167, p. 135, note 3; 4 S. W. 503; 7 Neb. 285; 21 Minn. 336; 20 N. W. 161; 40 Iowa, 659: 18 *id.* 150. The case in 11 Oh. St. 289 is the only case holding *contra*, and there the facts are materially different. All the cases hold that property omitted from a mortgage occupies the status of property in an unrecorded mortgage.

2. The lien of an unrecorded mortgage is inferior to the lien of a judgment. 21 Minn. 336; 67 Tex. 457; 61 *id.* 325; 5 Hemp. 26; 32 Pa. St. 121; 77 N. Y. 628; 68 *id.* 629; 43 Oh. St. 436; 58 Miss. 853; 24 *id.* 106; 52 *id.* 92; *Ib.* 546; 5 Minn. 258; 13 *id.* 210; 40 *id.* 324; 47 Tex. 165; 13 Ark. 543; 58 Am. Dec. 338, note; 50 *id.* 109; 43 N. J. Eq. 642; 2 N. E. 501; 7 Cal. 294; 13 Ga. 443. The mortgage was not notice. 47 Am. Dec. 455; 20 Am. & Eng. Enc. Law, 599.

3. The lien of an execution is superior to prior unrecorded mortgage. 9 Ark. 117; 51 *id.* 419; 54 Ark. 179.

4. *Allen* v. *McGaughey*, 31 Ark. and *Byers* v. *Engles*, 16 Ark. 547, and *Blackburn* v. *Randolph*, 33 Ark. are not conclusive, for *sales* of lands and *deeds* are governed by a different statute and rule as to notice. These cases apply only to rights not required to be recorded.

5. Appellee's equities are not superior to those of appellant. Appellee was not a *bona fide* mortgagee for a valuable consideration. 73 Pa. St. 153; 12 Am. Dec. 121; 18 *id.* 177; 56 Cal. 370; 36 N. J. 128; 36 Tex. 511; 23 N. J. Eq. 315; 28 N. E. 695; 24 N. J. Eq. 552; 24 Atl. 233; 52 N. Y. 138; 66 N. Y. 157.

*Clendening, Mechem & Youmans, amici curiae.*

1.   Cite and review the Arkansas cases on the subject of mortgages from 9 Ark. 116 to 56 *id*. 88.

2.   31 Ark. 252 and 33 *id*. 120 are conclusive of this case.   See also 11 Oh. St. 283; 44 *id*. 177; 15 Iowa, 495; 42 Ark. 66.

BATTLE, J.   Is the lien of a mortgage, which was properly signed, sealed, acknowledged and recorded, after it has been reformed by a court of equity so as to embrace land omitted therefrom by mistake of the parties, superior to a lien of a judgment on the land which was recovered against the mortgagor after the recording, but before the mortgage was reformed or a suit for that purpose was instituted; or will it defeat a sale of the land, made after the institution of the suit to reform, the vendee having notice of the mistake before he purchased?

That courts of equity can correct mistakes in contracts of all descriptions by reforming them so as to carry out the intention of the parties is beyond question. In the absence of a statute, they will interfere to correct mistakes between the original parties, even against a judgment lien, or purchasers at sheriff's sales under executions with notice of the facts, notwithstanding the judgment under which the lien was acquired, or upon which the executions were issued, were rendered subsequent to the execution of the contracts, but prior to the reformation.   In such cases the equities are *dehors* the contracts, and the judgment liens attach subject to them; and parties purchasing with notice cannot defeat them.   *Simmons* v. *North*, 3 S. & M. 67; *Gouverneur* v. *Titus*, 6 Paige, 347; *Ellis* v. *Tousley*, 1 Paige, 280; *Blackburn* v. *Randolph*, 33 Ark. 119; 1 Story's Eq. Jur. secs. 164 to 167.

.But have the statutes of this state changed this. rule? Section 5090 of Sandels & Hill's Digest provides: "All mortgages, whether for real or personal estate, shall be proven and acknowledged in the same manner that deeds for the conveyance of real estate are now required by law to be proven or acknowledged; and when· so proven or acknowledged shall be recorded, if for lands, in the county or counties in which the lands lie, and, if for personal property, in the county in which the mortgagor resides," etc. And the following section then says: "Every mortgage, whether for real or personal property, shall be a lien on the mort- gaged property *from the time the same is filed in the recorder's office for record, and not before;* which filing shall be notice to all persons of the existence of such mortgage." Under these statutes, this court has held, in a number of cases, and for a long period of time, that a mortgage "constitutes no lien upon the mortgaged prop- erty as against strangers, unless it is acknowledged or proved in the manner prescribed by the statutes, and filed for record, even though they have actual notice of its existence." *Main* v. *Alexander*, 9 Ark. 112; *Hannah* v. *Carrington*, 18 *id.* 105; *Jacoway* v. *Gault*, 20 *id.* 190.

The rule thus established in this state is entirely statutory. This court in following it has yielded obedi- ence to what it deemed the "unbending and imperious requirements of a legislative enactment." But the stat- utes upon which it is based relate solely to the acknowl- edgment, proof, and recording of mortgages. Further than this they do not undertake to regulate the execu- tion of mortgages, and require only that class to be filed for record which are required to be acknowledged or proved. Equities which exist *dehors* the mortgage cannot be filed or made a matter of record, and of course do not belong to that class of rights to which the stat- utes relate. As to them, they are silent, and the gen_

eral doctrines of equity jurisprudence are left in full force.

This court has held that certain equitable mortgages do not belong to the class controlled by the statutes, need not be recorded, and can be enforced against parties purchasing with notice of them. *Martin* v. *Schichtl*, 60 Ark. 595; *Stephens* v. *Shannon*, 43 Ark. 464; *Talieferro* v. *Barnett*, 37 Ark. 511. Upon the same principle cases like that before us depend.

In Ohio statutes substantially like ours were in force. The courts of that state construed them in like manner. In *Strang* v. *Beach*, 11 Ohio St. 283, which was a case very much like the one before us, the court, after speaking of the construction placed upon the statutes by the courts of that state, said: " Now, for these reasons, we will not disturb the rule thus established. It has the merit, at least, of simplicity, and of being well known and understood. But the question before us is, not whether we will disturb the rule thus established, but whether we shall enlarge the rule, and extend its operations to a case not within the letter of the statutes, and clearly distinguishable from any which have heretofore been held to be within these statutes. The rule is a statutory rule; and the cases referred to proceed in obedience to what were deemed the unbending and imperious requirements of a legislative enactment. These statutes relate solely to the mode of execution, and the recording of the mortgage; a mistake in these respects, it is settled, cannot be corrected; but, as to all mistakes and defects of the instrument, in other respects, the statutes are entirely silent, and upon them the decisions which have been made upon questions arising under these statutes have no bearing. As to the due and formal execution and recording of the mortgage in the case before us, no exception is taken; in these respects it is admitted to be perfect. And it seems to us, there-

fore, that we are not only at liberty, but are required, to stop where the statutes stop; and as to a mistake in an attempted description of mortgaged premises—which is a matter not covered by the statutes—to resort again to the general doctrines of equity jurisprudence, on which our statutes are an admitted innovation."

And so we hold in this case. The decree against the appellant is affirmed.