## CUMBERLAND BUILDING & LOAN ASS'N et al. v. SPARKS et al.

(Circuit Court, E. D. Arkansas. November 2, 1900.)

1. FOLLOWING STATE DECISIONS—RULES OF PROPERTY.

The decisions of the state court that under Sand. & H. Dig. Ark. § 5091, providing that a mortgage shall be a lien from the time it is filed in the recorder's office, which filing shall be notice to all persons of the mortgage, a mortgage not properly acknowledged constitutes no lien against third persons, though recorded to their knowledge, establish a rule of property, and will be followed by the federal courts.[1]

2. SUBROGATION—MORTGAGES.

Where a second mortgagee loans the mortgagor money, not on the security of the first mortgage, but of the land, and the mortgagor uses it to pay the first mortgage, and this is canceled, the second mortgage cannot be subrogated to the rights of the first mortgagee, though the second mortgage is ineffectual against a purchaser of the property, because not properly acknowledged.

3. MORTGAGES—FORECLOSURE—PERSONAL JUDGMENT.

Though U. S. Sup. Ct. Equity Rule 92 allows, in a suit for foreclosure of mortgage, a decree for any balance due above the proceeds of the sale, there cannot be a personal judgment where the equities on which the bill is based wholly failed.

In Equity.

On the 1st of May, 1894, one Bray, as trustee for the Oliver heirs, held a valid mortgage on the property in controversy for $1,800, executed by G. N. Sparks and Pamelia Sparks, his wife, to whom the property then belonged. On the 25th of March, 1895, the said G. N. Sparks, being a stockholder of the Southern Saving Funds & Loan Company, procured a loan from said corporation for the sum of $2,000, for which he executed his promissory note, and, in order to secure the same, executed a mortgage on the land in controversy to A. Moore Berry, as trustee for said association. The acknowledgment to this mortgage was fatally defective, in not conforming to the statute of the state of Arkansas. It was, however, duly recorded on the 12th of February, 1900, in the proper county. The money procured on this second mortgage from the Southern Saving Funds & Loan Company was used by Sparks in paying off the prior mortgage. On the 17th of May, 1897, Sparks and wife sold the land in controversy, for a valuable consideration, to his co-defendants J. W. and O. N. Killough, who had actual notice of the existence of the mortgage on the land, and also actual notice that the acknowledgment thereof was defective, and that the same was so recorded. On November 18, 1896, the Southern Saving Funds & Loan Company transferred all of its assets to the complainant corporation, the Cumberland Building & Loan Association, including the mortgage in suit. Complainants' evidence shows that J. W. and O. N. Killough paid for the property partly by a half interest in a stock of goods, partly by paying Sparks' indebtedness to Day & Bailey, partly for taxes which he had advanced for Sparks, partly by a debt which Sparks owed O. N. Killough, and a small amount in cash, amounting in the aggregate to about $2,500.

G. B. Webster, for complainants.
Norton & Prewett, for defendants.

ROGERS, District Judge. Section 5091 of Sandels & Hill's Digest of the Statutes of Arkansas, regulating mortgages, provides:

"Every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's

---

[1] State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

office, and not before; which filing shall be notice to all persons of the existence of such mortgage."

The supreme court of Arkansas, in Main v. Alexander, 9 Ark. 112, in construing this statute decided:

"(1) That a mortgage is good between the parties, though not acknowledged and recorded; but under our registry act it constitutes no lien upon the mortgaged property, as against strangers, unless it is acknowledged and recorded as required by the act, even though they may have actual notice of its existence. (2) The registry of a mortgage without acknowledgment does not constitute such constructive notice to the world as contemplated by the act."

This decision was rendered at the July term of 1848, and it has been followed by an unbroken line of decisions from that time down to the present day. Hannah v. Carrington, 18 Ark., at page 105; Jacoway v. Gault, 20 Ark., at page 193; Carnall v. Duval, 22 Ark., at page 136; Jarratt v. McDaniel, 32 Ark., at page 598; Neal v. Speigle, 33 Ark., at page 68; Martin v. O'Bannon, 35 Ark., at page 68; Ford v. Burks, 37 Ark., at page 94; Mitchell v. Wade, 39 Ark., at page 385; Dodd v. Parker, 40 Ark., at page 536; Martin v. Ogden, 41 Ark. 186; Wright v. Graham, 42 Ark. 148; Watson v. Lumber Co., 49 Ark. 83, 4 S. W. 62; Cross v. Fombey, 54 Ark. 179, 15 S. W. 461; Milling Co. v. Mikles, 61 Ark. 123, 32 S. W. 493. These decisions, and some others which might be cited to the same point, establish a rule of property in Arkansas. In Ford v. Burks, supra, the court said:

"This ruling has been on the language of the statute, and has now become a rule of property, which cannot be safely disputed, save by the prospective operation of a statute."

There is no rule better established than that the settled decisions of a state in relation to a state statute, local in its character, establishing rules of property, will be followed by the federal courts. There is a collation of cases upon this subject, embracing almost every variety of case, to be found in volume 1 of the Digest of the United States Supreme Court Reports, published by the Lawyers' Co-operative Publishing Company in 1894, beginning at page 529. They are too numerous to cite. They begin with Polk v. Wendell, 9 Cranch, 87, 3 L. Ed. 665, and end at Amoskeag Bank v. Ottawa, 105 U. S. 667, 26 L. Ed. 1204.

It is needless to say that the mortgage now sought to be foreclosed by the plaintiff corporation, although recorded, constituted no lien on the property in controversy, as to the defendants J. W. Killough and N. O. Killough. It is urged, however, that they are not bona fide purchasers for value. The contention is not sustained by the proof. The court finds that they occupied the attitude of bona fide purchasers for a valuable consideration, and are entitled to hold the property as against the plaintiff corporation.

It is contended, also, that inasmuch as the money loaned by the Southern Saving Funds & Loan Company was used by Sparks to pay off the prior mortgage to Bray, as trustee for the Oliver heirs, which latter mortgage was a valid incumbrance, the plaintiff corporation should be subrogated to the rights of Bray under his mort-

gage. The proof shows that the money was in part so used. The proof wholly fails to show that there was any privity between the Southern Saving Funds & Loan Company and either Sparks or Bray, or that the latter's mortgage should be held by the Southern Saving Funds & Loan Company to secure the loan, or that such was the intention of any of the parties. On the contrary, it shows that Bray's mortgage was canceled on the record, and presumably surrendered. In short, the Southern Saving Funds & Loan Company occupies the attitude of having loaned Sparks the money, not upon the security of the Bray mortgage, but upon the security of the land, and that Sparks had used the money to pay off the Bray mortgage, and the same had been canceled. Under such circumstances, can the plaintiff corporation, who holds by assignment the mortgage and note of the Southern Saving Funds & Loan Company, be subrogated to the rights of Bray under his mortgage? This question must be answered in the negative. Campbell v. Ass'n (Pa. Sup.) 1 Am. & Eng. Dec. Eq. 472, and note (s. c. 30 Atl. 222); Cohn v. Hoffman, 50 Ark. 108, 6 S. W. 511. In the former case the principles governing the doctrine of subrogation are aptly and tersely stated, and no further citations are necessary.

The remaining question arises as to whether or not the court, there being no equity in the bill, should render a personal judgment against Sparks for the money loaned. At common law, on the foreclosure of a mortgage the plaintiff was compelled to bring suit at law for any residue of the mortgage debt which the mortgaged property, when sold, did not satisfy. That rule of the common law has been modified by equity rule 92 of the supreme court of the United States, so that in suits in equity for the foreclosure of mortgages a decree may be rendered for any balance that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of the same; but no provision is made for the rendition of a personal judgment where the equities upon which the bill is based have wholly failed, as in this case. The court is of opinion, therefore, that the bill must be dismissed, with costs. Dakin v. Railway Co. (C. C.) 5 Fed. 666. The bill is therefore dismissed for want of equity.