JONES *v.* BANK OF COMMERCE OF FORT SMITH, ARKANSAS.

Opinion delivered November 19, 1917.

1. CORPORATIONS—RIGHT TO SUE—FAILURE TO PAY FRANCHISE TAX.—
   A corporation which has failed to file a report and pay the franchise tax provided in section 21 of Act 112, Acts of 1911, may bring an action on its own account where the attorney general has not proceeded to annul its charter under section 15 of said act.

2. APPEAL AND ERROR—DUTY TO ABSTRACT TESTIMONY.—Issues raised on appeal will not be considered where the testimony relating thereto has not been abstracted.

3. ATTORNEY AND CLIENT—AUTHORITY TO BRING SUIT.—In the absence of a showing of lack of authority, an attorney will be presumed to have authority to bring a law suit for the client named.

4. CONTRACTS—WRITING NOT NECESSARY—CONDITIONAL SALES.—Contracts for the conditional sale of property are not required to be in writing.

5. SALES—CONDITION—BREACH—REMEDY OF SELLER.—Where property is sold on a credit and the title thereto is retained by the vendor, the latter upon a breach of the conditions of the sale, either may treat the sale as absolute and sue for the price thereof, or he may treat the sale as canceled and recover the property.

6. LIMITATIONS—SALE OF CHATTELS.—An action for the purchase price of chattels sold, *held*, not barred by limitations.

7. APPEAL AND ERROR—FINDING OF JURY.—Where the testimony is conflicting, the verdict of the jury will not be disturbed on appeal if there is evidence legally sufficient to support it.

8. DAMAGES—FINDING OF JURY.—Under Kirby's Digest, § 6207, the jury may make a special as well as a general finding upon the question of damages.

9. DAMAGES—VERDICT—SPECIAL AND GENERAL FINDING—CONFLICT.—
   Where the special and general finding as to damages, by the jury, are conflicting, under Kirby's Digest, § 6208, the special finding controls.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

*T. S. Osborne* and *W. H. Dunblazier*, for appellants.

1. It was error to give instruction No. 1 for appellee. The corporation had not paid its franchise tax. Act 443, Acts 1907, and No. 260, Acts 1909. It was also in the hands of a receiver and he alone could sue. The attorneys were

not authorized to bring the suit. 10 Cyc. 773-775b; 24 A. & E. Ann. Cas. 300 and note.

2. The sale was absolute and not conditional. 20 A. & E. Ann. Cas. 300 and note.

3. There was error in the other instructions. Appellants had the right to show that appellee was not entitled to possession of the property. 49 Misc. 614; 96 N. Y. S. 837; 20 A. & E. Ann. Cas. 296 and note.

4. There is no proof of damages and no demand made. 27 S. C. 244; 3 S. E. 225.

*Geo. W. Dodd,* for appellee.

1. There was no proof that appellee had not paid its franchise tax. It was not subject to the tax nor doing business in this State. Acts 1911, Act 112.

2. The question of the attorney's authority to bring the suit was not properly raised nor proven. 4 Cyc. 930; 2 Ark. 356; 1 *Id.* 99; 38 *Id.* 467; 40 *Id.* 131; 104 *Id.* 7.

2. The sale was conditional and by bringing replevin waived the debt for the purchase money. 97 Ark. 432; 91 *Id.* 319.

3. The suit was not barred; it was brought within three years.

4. The evidence is not abstracted.

5. There is no error in the instructions and the damages were proven.

HART, J. Appellee sued appellants in replevin to recover certain furniture, fixtures and other property usually used in a restaurant.

According to the testimony adduced in favor of appellants they bought the property from appellee and paid $25 cash, and the balance was to be paid in deferred payments. The property was to be removed from a warehouse where it was stored, at a subsequent time, and they subsequently took possession of the property under the contract of sale and moved it into their place of business. The sale was absolute and there were no conditions to it. They did not receive all the property they pur-

chased from appellee and the part they did receive was not worth more than eighty-five dollars.

According to the evidence adduced by appellee the sale was made in November, 1913, and was a conditional one. It was understood that the title to the property should remain in appellee until it was paid for. The property was worth anywhere from seven hundred to one thousand dollars.

The jury returned a verdict in favor of appellant and the case is here on appeal.

The action of the court in giving instruction No. 1 is assigned as error. The instruction reads as follows:

"You are instructed that the plaintiff is an Arkansas corporation and is entitled to bring and maintain this action."

In the first place it is claimed that appellee was not entitled to bring and maintain the action because it had not paid the franchise tax as required by Act No. 443 of the Acts of the General Assembly of 1907, and Act 260 of the Acts of the General Assembly of 1909 amendatory thereof. The first section of the Act of 1907 provides for the payment of a franchise tax by corporations and the Act of 1909 is amendatory thereof. See Acts of 1907, page 1213, and Acts of 1909, page 780. Section 2 of the Acts of 1907 provides as a penalty for the failure to pay the tax, that the corporation shall forfeit its right to do business in the State, which forfeiture shall be consummated without judicial ascertainment by the Secretary of State and thereafter that the corporation shall be denied the right to sue or defend in any of the courts in this State.

(1-2) In answer to the contention of appellants that the right of the corporation to bring and maintain an action in the courts of this State was forfeited because it had failed to pay the franchise tax prescribed by the acts above referred to, it need only be said that the acts of the Legislature just referred to were expressly repealed by section 21 of Act 112 of the Acts of 1911.

See the General Acts of 1911, page 67. That act provides for an annual report and the payment of a franchise tax by corporations doing business in the State.

Section 15 provides that upon failure of a corporation to make such report or pay such tax within the time designated in the act, the Attorney General or prosecuting attorney of the district shall bring an action in the circuit court to forfeit and annul the charter of the corporation. No such action was brought in the present case and the corporation had the right to bring and maintain the action. Another objection now made to the instruction is that the record shows that a receiver was appointed to take charge of the affairs of the corporation and that the suit should have been brought and maintained by him. It is true that appellants in their brief state that the record shows that a receiver was appointed to take charge of the affairs of the bank but they do not abstract the testimony of any witness on this point. Under the settled rules of this court appellants are required to abstract the testimony of witnesses. This rule was adopted in the early days of the court to facilitate its business in order that the judges might not be required to explore the transcript to ascertain the testimony of the witnesses. Counsel for appellee deny that the record shows the appointment of a receiver for the bank. Hence it was incumbent upon appellants to abstract the testimony of the witnesses who testified to this fact and not having done so the court will not consider this objection to the instruction.

(3) It is next contended that the attorneys for appellee had no authority from the corporation to bring this suit for it. No proof was introduced by appellants tending to show lack of authority in the attorneys for the bank to bring the suit. The attorneys are officers of the court and in the absence of a showing to the contrary they will be presumed to have such authority.

The bank based its right to recover in this case upon the fact that the sale of property in controversy by it to appellants was a conditional sale. It is insisted by coun-

sel for appellants that there is no testimony in the record sufficient to establish this fact and for that reason appellee was not entitled to recover the property. The cashier of the bank acted for it in making the sale. He testified that the sale was made in November, 1913, and that he continued in the service of the bank until March, 1914. We quote from his testimony the following:

"Q. Was there any agreement between the bank and Mr. Jones as to the title to the property, and as to the payments to be made on it?

A. Mr. Jones, as well as I remember, was to pay $25 a month, and there was never a written agreement made. I can not say whether it was negligence on my part or whether I was waiting for a payment. This property was sold to them by me as cashier of the bank before I ever collected any money on it, it was the intention all along to hold the property as security. Whenever the papers were drawn up and to be signed, that was all you might say, a verbal agreement between Mr. Jones and myself. We didn't write out the agreement.

Q. That the property was to stand for the money?

A. Yes, sir; it certainly was."

(4) In another part of his testimony he stated that Jones understood that the bank was going to retain the property as security and that it was the intention of the bank not to part with the title. He further stated that it was the intention of the parties that this should be embodied in a written contract but that through negligence on his part the property was delivered to appellant without any written contract for the sale of it having been executed; that no part of the purchase money of the property has ever been paid. In this State we have no statute requiring contracts for the conditional sale of property to be reduced to writing and in the absence of such a statute a writing is not necessary. *Butts* v. *Screws*, 95 N. C. 215.

(5) We think the testimony stated above was sufficient to warrant the jury in finding that the sale was a conditional one. It is true the appellants testified that

the sale was an absolute one. This made a conflict in the testimony on this point which was settled against appellants by the verdict of the jury. There being evidence of a substantial nature to support it, under the settled rules of this court the verdict can not be disturbed on appeal. It is settled in this State that where property is sold on a credit and the title thereto is retained by the vendor, the latter upon a breach of the conditions of the sale, either may treat the sale as absolute and sue for the price thereof, or may treat the sale as canceled and recover the property. *Butler* v. *Dodson,* 78 Ark. 569; *Hollenberg Music Co.* v. *Barron,* 100 Ark. 403.

It is also contended that there is not sufficient testimony to support the amount of the verdict. The jury returned a verdict for appellee in the sum of $421.05. The testimony as to the value of the property was in direct conflict and was variously estimated from about $80 to $1,000.

According to the testimony of appellants the property had been damaged by a fire before they purchased it and had then been stored in a warehouse where it very much deteriorated in value. They said that they did not get near all of the property they bargained for and that what they did get was very badly damaged so that it was of but little value.

According to the evidence adduced in favor of appellee the property was turned over to appellants in good condition and it was checked up to ascertain whether or not it was all there. Some of the witnesses for appellee placed a value on the property of more than $700. Hence it can not be said that there was not sufficient evidence to support the amount of the verdict. We have carefully examined the instructions of the court and think the respective theories of the parties were submitted to the jury under proper instructions.

(6) It is also contended that the action is barred by the three years statute of limitations. The suit was filed August the 2nd, 1916. According to the testimony of appellants the sale was made more than three years before

that date; but according to the evidence of appellee, the sale was not made until the latter part of November, 1913. Hence according to the evidence adduced in favor of appellee the action was not barred by the statute of limitations and the dispute between the parties upon this question of fact was submitted to the jury under proper instructions.

We find no prejudicial error in the record and the judgment will be affirmed.

HART, J., (on rehearing). (7) In their motion for rehearing counsel for the defendant earnestly insist that there is not sufficient evidence to support the verdict of the jury as to the number and value of the articles taken. It would unduly extend this opinion to take up each article and the testimony thereon at length. There is an irreconcilable conflict in the testimony on this point and under the settled rules of this court we can not disturb the verdict of the jury if there is evidence legally sufficient to support it. We have carefully considered the evidence and find that the evidence of the plaintiff, if believed by the jury, warranted the verdict.

Upon further consideration of the case we are of the opinion that the evidence did not warrant the amount of the verdict for damages and in his contention in this respect we think counsel is correct. The verdict of the jury upon this point is as follows:

(8) "And we further find damages for the plaintiff in the sum of $5 per month, or $185 for the detention of said property."

Thus it will be seen that the jury made a special, as well as a general, finding upon the question of damages. This, in their discretion, they might do. Kirby's Digest, § 6207.

(9) Section 6208 provides that when the special finding of fact is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly. A statement of the facts upon this point will readily show that the special finding is

inconsistent with the general verdict. There was testimony from which the jury might have found the rental value to be five dollars per month. One witness testified that its rental value was ten dollars per month. The suit was commenced on August 2, 1916, and the jury returned a verdict December 21, 1916. The verdict was returned four months and nineteen days after the suit was commenced. There was no demand by the plaintiff for the property until the commencement of the suit and the plaintiff was only entitled to damages from that time.

The jury found the rental value of the property to be $5 per month and for four months and nineteen days the total would be $23.14. This is inconsistent with the general verdict on this point and as we have already seen the special finding controls. The action of the court in entering judgment for the amount of the general verdict on this point was erroneous and will be reversed. To this extent the motion for rehearing will be granted. In other respects the judgment will be affirmed.