HOME FIRE INSURANCE COMPANY *v.* WRAY.

Opinion delivered May 28, 1928.

*Barber & Henry, Troy W. Lewis* and *Clayton Free-man,* for appellant.

*J. F. Holtzendorff,* for appellee.

McHANEY, J. This action of replevin was originally brought by Jennings Motor Company against the appellees for the recovery of a model 70 Chrysler coach automobile, which it claimed by virtue of a contract or note of appellee, J. R. Newton, for the balance of the purchase price thereof, in which it retained title to said car. The Home Fire Insurance Company paid the Jennings Motor Company the amount due it under a policy of conversion insurance, took an assignment of Jennings' interest in the cause of action, and was substituted as plaintiff. The suit was subsequently prosecuted in its name. The facts, briefly stated, are as follows:

Two representatives of Jennings Motor Company, Chrysler dealers, on September 24, 1926, sold to J. R. Newton, in Dumas, Arkansas, the car in controversy, for the price of $1,248, payable $200 cash, for which Newton delivered his check at the time, which was worthless, and one Ford car of the agreed value of $225. This left a balance of $823, for which, according to the two Chrysler salesmen, a title-retaining note was taken, payable four

days later, which was to be refinanced through title notes to some credit or finance company, which the Jennings Company would make out and send to Newton from Little Rock, and such a note was produced at the trial.

According to Ragsdale, a witness for appellee, nothing was said about title-retaining notes, and that Newton did not sign such a note at the time of the sale, but notes were to be sent from Little Rock for him to execute and return. A few days later, Newton sold the Chrysler coach to appellee in Hazen, Arkansas, and gave him a bill of sale therefor. He never did execute and deliver the credit company notes, but, shortly after making the sale to appellee, he left for parts unknown.

The court, over appellant's objections, instructed the jury, at appellee's request, as follows:

"No. 1. The defendant contends that, at the time the sale of this car was made, the representative of the Jennings Motor Company stated to Newton that he would take his check in the sum of $200 and his Ford car as part payment on the Chrysler car, and that, at a later date, title-retaining notes would be sent to Newton for him to sign and return to them, and, before said title-retaining note was executed by Newton and returned to the Jennings Motor Company, Newton sold said car to the defendant Wray. If you find this to be a fact by a preponderance of the testimony, then you will find for the defendant Wray.

"No. 2. You are instructed that, if you find that a representative of Jennings Motor Company made a trade with Newton in which they sold him a Chrysler car and received a check for $200 and a Ford touring car as part payment on the Chrysler, and at a later date were to send Newton their notes, which they claim are title-retaining notes, and that Newton was to sign these notes, and that Newton signed these notes and returned them to Jennings Motor Company, and then came to Hazen and sold the car to Mr. Wray, then under the law the plaintiff cannot recover possession of the car. If you find that to be a fact, then you will find for the defendant."

The court refused to instruct the jury, at appellant's request, to return a verdict for the possession of the car and whatever damages had been sustained for the wrongful detention thereof as shown by the evidence, or, in the alternative, the value of the car at the time demand was made for it, as shown by the evidence.

The jury returned a verdict for appellee.

This case was defended by appellee on the theory that, although a conditional sale of the Chrysler coach was made to Newton by which title was to be retained by notes thereafter to be executed, such a reservation of title could not be made by parol, but must be in writing; and the sale to appellee, having been made at a time before the execution of any such notes by Newton, passed the title to appellee. The trial court adopted appellee's theory of the law of the case, and gave instructions 1 and 2 heretofore set out. This was error. *Jones v. Bank of Commerce,* 131 Ark. 362, 199 S. W. 103; *Estes v. Lamb & Co.,* 149 Ark. 369, 233 S. W. 99; *Sternberg v. City National Bank,* 149 Ark. 432, 233 S. W. 691. The holding in all these cases is to the effect that the vendor of a chattel may deliver possession to the vendee on condition that the title shall remain in the vendor until the whole purchase price shall have been paid, and that even a subsequent purchaser thereof, without notice of such reservation, acquires no title as against the original vendor; and that such a contract need not be in writing, but may rest wholly in parol.

Conceding, as the jury has apparently found, that the representatives of Jennings Motor Company did not take a title note to the car at the time of its sale and delivery to Newton, as they testify positively they did, still appellee concedes in his instruction No. 1, given at his request, "that at a later date title-retaining notes would be sent to Newton for him to sign and return to them." This shows conclusively that the title to the car was not to pass, but would be retained in the seller until the purchase price was paid in full, and, though verbal, was valid and binding on appellee, an innocent purchaser.

It necessarily follows from what we have said that the only question that should have been submitted to the jury was the question of damages for the wrongful detention of the car, or, in the alternative, the fair market value of the car at the time demanded.

Reversed, and remanded for a new trial.