SYKES *v.* CARMACK.

4-8195                                        202 S. W. 2d 761

Opinion delivered June 9, 1947.

*J. H. Brock* and *Linus A. Williams,* for appellant.

*Bates, Poe & Bates,* for appellee.

SMITH, J.   This is a suit in replevin to recover possession of an automobile, and the controlling question in the case is the one of fact, whether the title to the car had been reserved when it was sold.

This issue of fact was submitted to a jury under instructions of which no complaint is made. There was a verdict and judgment against plaintiff, from which is this appeal, and for the reversal of that judgment it is insisted that the jury's verdict was contrary to the undisputed evidence.

The testimony in plaintiff's behalf was to the following effect. He was a licensed automobile dealer, and operated a garage in the city of Clarksville. He sold the car in question to a man who said his name was · George Young, for the cash consideration of $1,023, and he detailed this transaction as follows: "He (Young) wanted to give me a check when I thought it (the sale) was to be for cash. When I took the check I told him we would not make up the papers until tomorrow when the check cleared, and I would go to the bank the first thing in the morning and get the money. He told me he had to get his men and take them to work at his mill, and that is the reason he wanted the car because he needed transportation." The court asked the witness, "Is that all?" Plaintiff answered, "He was supposed to come back the next morning and we were supposed to make out the papers. The only thing said about title was that I would deliver title when the check cleared. I took the check and if it had been good and the man had not come back I would have considered the car sold, and would have delivered title to it. I did retain title to the car." The sixteen year old son of plaintiff, who was employed at his father's garage, gave testimony to the same effect.

The check was drawn on a bank in Russellville, a city about twenty-five miles from Clarksville, and was presented for payment there the following morning, when payment was refused for the reason that drawer of the check had no account in the bank on which it was drawn.

The purchaser drove the car to Mena, sold it to a dealer there, and defendant purchased the car from this dealer and received a bill of sale therefor. Defendant had no information that there was any question about the title of the car.

It was held in the case of *Home Fire Ins. Co.* v. *Wray,* 177 Ark. 455, 6 S. W. 2d 546, that a contract reserving title to an automobile in the seller until payment of the purchase price thereof need not be in writing, but may rest wholly in parol, and the seller may deliver possession to the buyer on such condition, and a subsequent purchaser without notice of such reservation acquires no title as against the original seller.

Appellant relies upon this case for the reversal of the judgment from which is this appeal. But there must have been a contract in which title is reserved and this is the question of fact which was submitted to the jury. To make such a contract it is essential that the reservation of title must have been agreed upon and assented to by both buyer and seller, and the testimony is not very definite that the buyer had assented. Moreover the jury may not have credited the testimony that there was a reservation of the title. The interest of appellant and his son is such that their testimony may not be treated as undisputed, and this interest makes the truth of their testimony, although not disputed by any witness, a question of fact for the jury. In the case of *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243, it was held that the general rule that where an unimpeached witness testified distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established and a verdict directed accordingly, is inapplicable where the witness is interested in the result of the suit, or facts are shown which might bias his testimony, or from which an inference might be drawn unfavorable to his testimony or against the fact testified to by him. That holding has been reaffirmed in numerous subsequent cases.

The circumstances of this sale are such that we cannot say that the jury acted arbitrarily in not crediting the testimony of appellant and his son. The car was being repaired and was evidently sold for all it was worth, possibly much more. There is no question but that the check

was accepted and the car delivered. Now it is true that appellant testified that he did not intend for the title to pass until the check had been cashed, but that as a matter of accommodation he permitted the purchaser to use the car in carrying certain employees to his mill. He made no inquiry about the location of this mill or where the employees were who were to be transported to it. The jury may have found that appellant made himself too credulous to be believed. The sale was supposed to be for cash, and there was no occasion for a reservation of title in any papers to be prepared the next day after cashing the check. Appellant admitted that he would have considered the deal closed if the check had been cashed, whether the purchaser returned or not.

The jury heard the witnesses testify, and saw their manner of doing so, and their narrative did not carry conviction, and required a question by the court to clarify it. These facts together with the interest of the witnesses in the case prevent us from holding that there was no question of fact upon which the jury had the right to pass, and the judgment must therefore be affirmed and it is so ordered.