PUGH <i>v.</i> CAMP.

4-8499          210 S. W. 2d 120

Opinion delivered April 12, 1948.

*M. P. Watkins,* for appellant.

*Judson N. Hout,* for appellee.

McHANEY, Justice. This action of appellant against appellee was one in replevin for the recovery of the pos-

session of one 1942 Model Ford Coach and damages for the alleged wrongful detention of same, which car appellant alleged belonged to him. Order of delivery and summons were served on appellee who executed a cross bond and retained possesion of the car. Trial resulted in an instructed verdict for appellee on which judgment was entered, and this appeal followed.

The only question we think it necessary to determine is the assignment that the court erred in giving to the jury a peremptory instruction for appellee. This was given at the conclusion of the evidence for appellant.

It is well settled that a verdict should be directed against a party only when there is no evidence tending to establish an issue in his favor, when viewed in the most favorable light to him. *Barrentine* v. *Henry Wrape Co.*, 120 Ark. 206, 179 S. W. 328. Or, stating it another way, "If there is any evidence tending to establish an issue in favor of a party, it is error to direct a verdict against him." Headnote 1, *Scott* v. *Wis. & Ark. Lbr. Co.*, 148 Ark. 66, 229 S. W. 720.

Appellant testified that he was the owner of said coach and on January 15, 1947, conditionally traded same to one Haynes for a 1942 model Chevrolet Sedan; that said Haynes was out of St. Louis and was operating a used car lot in Marked Tree, selling and trading cars on the market; that he was to pay Haynes $25 difference in the cars, but refused to do so until Haynes furnished him ownership papers to the Chevrolet which he promised to do; that Haynes told him he did not have the ownership papers to the Chevrolet with him, but that his wife had them in St. Louis, and that he would get them in a short time and give them to appellant—that he had to go to St. Louis in a day or two to get more cars; that he told Haynes he would not trade without the papers, so Haynes replied: "You just drive this Chevrolet, and I will make the trip back to St. Louis in the Ford and bring the ownership papers back to you"; and that appellant consented to that arrangement with the statement to Haynes that he would not trade cars "until you deliver those owner-

ship papers to me." He further testified he told Haynes the Ford would be his until he received said papers.

We think this evidence given by appellant, if credited by the jury, sufficient to support a finding that he never did part with the title to the Ford car—no completed swap—no final meeting of the minds, and that a question for the jury was made. If appellant did reserve the title to the Ford car, its sale by Haynes passed no title, since he had none to pass, and title can be reserved by parole. *Home Fire Ins. Co.* v. *Wray,* 177 Ark. 455, 6 S. W. 2d 546, cited in *Sykes* v. *Carmack,* 211 Ark. 828, 202 S. W. 2d 761. It is conceded that the Chevrolet car was stolen in St. Louis and that it was turned over by appellant to the State Police in Jonesboro. It is also conceded that Haynes, instead of going to St. Louis in the Ford to get the title papers to the Chevrolet, took the Ford to Newport, Arkansas, and sold it, and that it was sold two or more times before appellee acquired it, and that all these parties bought without notice of any fraud practiced on appellant by Haynes, or of any defect in the title to the Ford.

This case is somewhat similar to our recent case of *Sykes* v. *Carmack, supra,* where a licensed automobile dealer in Clarksville sold the car there in question to one Young, a stranger, for a cash consideration and accepted a check in payment for the car drawn on a bank in Russellville. He testified he told Young they would fix up the papers the next day when the check cleared, and that he would go to the bank the first thing the next morning and get the money, but Young said he needed the car to take his men to his mill, so he let Young take the car. He testified positively the title to the car was not to pass until the check cleared, and that he did retain the title to the car. The next morning the check was presented to the bank and payment was refused. Young took the car to Mena, sold it to a dealer there, and the appellee in that case bought it. Sykes brought replevin for the car, and on a trial to a jury verdict was rendered against Sykes, and on appeal we affirmed. We there said: "The interest of appellant and his son (a witness) is such that their testimony may not be treated as undisputed, and this

interest makes the truth of their testimony although not disputed by any witness, a question of fact for the jury." We also said in the Sykes case: "It was held in the case of *Home Fire Ins. Co.* v. *Wray,* 177 Ark. 455, 6 S. W. 2d· 546, that a contract reserving title to an automobile in the seller until payment of the purchase price thereof need not be in writing, but may rest wholly in parol, and the seller may deliver possession. to the buyer on such condition, and a subsequent purchaser without notice of such reservation acquires no title as against the original seller."

So, here, while appellant's testimony, as above set out, was not disputed by any witness, his interest in the litigation is such that his testimony may not be regarded as undisputed, and a question of fact was made for the jury.

Appellee cites *Sadler* v. *Lewers,* 42 Ark. 148, where it was held that one who voluntarily parts with his property in exchange for stolen property cannot, upon surrender· ing the stolen property to the true owner, recover his own from one who has acquired it.for value and without notice of the fraud. But there the owner parted with the title to his mare in exchange for a stolen mule and paid $10 to boot. There was no reservation of title in the mare. See, also, *Andrews* v. *Cox,* 42 Ark. 473, 48 Am. Rep. 68, which distinguished the latter from the former, both written by Judge EAKIN at the same term of court.

Here, appellant admits that he surrendered possession of the Ford temporarily, but did not surrender title. This, we think, made a question of fact·for the jury, and that the court erred in directing a verdict for appellee.

The judgment is reversed and the cause remanded for a new trial.