WILLIE O. THOMAS *v.* HIRAM L. HENSON ET AL

5-5335                                                  459 S. W. 2d 124

Opinion delivered November 2, 1970

*Terral, Rawlings, Matthews & Purtle,* for appellant.

*Hartje & Hartje* and *Wright, Lindsey & Jennings,* for appellees.

CARLETON HARRIS, Chief Justice. A collision occurred on U. S. Highway 65 in Greenbrier, on September 12, 1968, between a 1966 Rambler automobile owned by Rev. Willie O. Thomas, appellant herein, and driven by his father, Nathan W. Thomas, and a tractor trailer rig owned by Earl L. Jackson and driven by Hiram Henson, appellees herein. The Thomas vehicle was making a left turn into a driveway at the Nazarene Church in Greenbrier and the tractor was endeavoring to pass at the same time. Willie O. Thomas instituted suit for damages to his automobile, and his father sought damages for personal injuries. Jackson filed suit against the two Thomases seeking property damage and Henson intervened seeking damages against Thomas and his father for personal injuries allegedly sustained. The cases were consolidated for trial. On trial, the jury rendered a verdict awarding damages to both Jackson and Henson against both Thomas and his father. This appeal is from the judgment entered in accordance with the verdict and is brought solely by Willie O. Thomas. None of the other three parties have appealed. For reversal, several points are asserted, but all really relate to the contention that the verdict is against the law and

the evidence, and appellant asserts that the court should have directed a verdict in his behalf as to the complaints against him.

On behalf of appellees, Henson testified that he was employed by, and drove the tractor trailer for, Earl L. Jackson at the time of the accident. He said that when his vehicle was within about 200 feet of the Thomas Rambler that he (Henson) blew his air horn and pulled out in the left lane to pass; that he blew the horn again in about 50 feet and at that time the driver of the automobile made a left turn without any signal; though he applied the brakes, the collision could not be avoided. M. L. Tester, a Trooper with the Arkansas State Police, testified that he investigated the accident, and talked with Henson and Nathan Thomas, the driver of the Rambler, at a residence near to the scene of the accident. The officer said that, as far as he could determine Thomas could not hear him talking; he was not really positive whether Thomas was wearing a hearing aid, though his first statement was that Thomas was not wearing this appartus at that time. Nathan Thomas testified that he was driving the Rambler and was wearing a hearing aid at the time; that the force of the accident "knocked my hearing aid out and covered it up with dirt." He said that before the collision, he saw, through the rear view mirror, the truck coming, but thought he could make his turn before the vehicle reached him. "I looked back and seen him and told my wife, 'that truck is really coming. I better get out of the way.' I speeded up a little and said, 'surely, I will get to the turnoff before he gets there.' He hit me just as I started to turn". Thomas stated that he received a broken jaw in the collision; that he and his wife had been fishing and had used the son's, (appellant), automobile. He did not ask appellant for the use of the car on this particular occasion but had used it at numerous times in the past; the witness added that he never asked. "When I visit them, if they have got a car loose, I get it and go fishing". He said that he had been driving "Ever since T-Models" and had "Never had a wreck in my life".

Violet Lee Thomas, wife of Nathan, said she heard his signal light blinking before the turn was made and could see the light blinking on the dash board. Mrs. Thomas said that when they wanted to use the car, they used it, and had done so on other occasions when they visited appellant; appellant knew that it had been used at those times; that he had no objection. She stated that her husband had been wearing a hearing aid for five or six years; that he had it on at the time of the accident and, with the use of the hearing aid, could hear normally; that she carried on a conversation with him in the automobile before the wreck; that it was a normal conversation and he could hear. She testified that the hearing aid was knocked out of his ear at the time of the collision and was found in the dirt the next morning after the accident. Mrs. W. O. Thomas, wife of appellant, testified that her father-in-law had been wearing a hearing aid for about five years and that he wore it at all times during his waking hours; that it had been knocked out of his ear because of the impact. The witness said that she raised no objection to his use of the car, which belongs to her husband. Willie O. Thomas, appellant, testified that he had no knowledge that his father was in the automobile on the date of the accident since he (appellant) was attending a business meeting in the southern part of the state. He was aware of the fact that the elder Thomas had used the car on other occasions. The witness testified that his father was a competent driver. At the conclusion of the evidence, appellant and appellees moved for directed verdicts, which motions were overruled by the court. Appellant then objected to the giving of two instructions, the first being AMI 609, and the second, plaintiffs requested instruction No. 3, reading as follows:

"You are instructed that if you find from the evidence that Nathan W. Thomas was deaf, or that his hearing was impaired to such an extent that he could not hear audible signals from motor vehicles upon the highway, and that his inability to hear said signals was

the proximate cause of the collision herein complained of, then your verdict will be for Hiram L. Henson and E. L. Jackson and against the defendants W. O. Thomas and Nathan W. Thomas."

This was objected to by appellant as follows:

"Save our exceptions. We further object generally and specifically to Plaintiff's Requested Instruction No. 3. This amounts to a comment on the evidence, and it is not an accurate statement of the law. Also, it further would be a binding instruction and bind the jury to hold that Nathan W. Thomas was guilty of negligence which proximately caused the accident if he could have heard the horn. * * * It further requires them to find negligence which proximately caused the accident based solely upon hearing."

This was an erroneous instruction under the evidence offered, but we think the court should have directed a verdict for the appellant, on the complaints of appellees for the reason that there is not one iota of evidence that Willie O. Thomas entrusted the operation of his automobile to one that he knew, or should have known, was an incompetent driver. The proof in this case is sufficient to establish that Thomas permitted his father to operate the vehicle, though he was away from home in the present instance when his father took the car, and there is no evidence that he knew in advance of his father's use of the vehicle on this occasion. However, there was evidence that he had consistently permitted the elder Thomas to use his automobile in the past, and we have held that this pattern of conduct is sufficient to show the permission of the owner. *Chaney v. Duncan*, 194 Ark. 1076, 110 S. W. 2d 21. But the evidence earlier set out certainly does not establish that the father was a known incompetent driver. Testimony of the State Policeman is only to the effect that Thomas apparently could not hear when he talked to him. The two women testified that his hearing was normal with the use of a hearing aid, the testimony relating that the hearing aid had been knocked out of his ear at the

time of the collision and later being found in the dirt at the scene of the accident. Appellant testified that his father was a competent driver. It is true that we have held that the testimony of interested parties and witnesses cannot be considered as undisputed or uncontradicted. *Old Republic Insurance Company* v. *Alexander,* 245 Ark. 1029, 436 S. W. 2d 829, *Sykes* v. *Carmack,* 211 Ark. 828, 202 S. W. 2d 761. But if we completely ignore the testimony of these witnesses on this point— there is still not one line of testimony that Nathan Thomas had, prior to this accident, ever, in any manner, demonstrated his incompetence as a driver. He testified that he had never had a wreck, and this was undisputed (except by law). Certainly, we are not willing to say that the fact a driver uses a hearing aid makes him *ipso facto,* an incompetent driver. Doubtless, there are numerous drivers with substantially normal hearing when using this device. Thomas testified that he saw the tractor trailer approaching, but thought he could reach his turning off place before it passed him. So, according to the evidence, the accident was not occasioned by a lack of hearing—but a lack of judgment. Even though we consider that as a matter of law this testimony stands disputed, or even though it be found that Thomas's method of driving at the time of this occurrence was reckless, still, there is no evidence that he has ever *previously* driven in an incompetent manner. It follows that the court erred in not directing a verdict for appellant Willie O. Thomas.

While not really argued, appellant does mention he should have recovered damages for the loss of his car, stating:

"It is apparent that both drivers were negligent and if properly instructed the jury would have found in favor of appellant for his damages. Therefore, if the court does not see fit to assess the undisputed damages to appellant the case should be remanded with directions for the lower court to do so or in the alternative order a new trial for appellant."

We do not agree. The court submitted five verdict forms, viz, a finding for appellant against appellees fixing his damages; a finding for Henson against Nathan Thomas fixing damages; a finding for Jackson against Nathan Thomas fixing damages; a finding for Jackson against W. O. Thomas and Nathan Thomas fixing damages, and a finding for Henson against appellant and Nathan Thomas fixing damages. The case was submitted on comparative negligence instructions, and it is apparent from the jury verdict that they found the wreck was caused solely by the negligence of Nathan Thomas. It follows that there is no merit in this contention.

In accordance with what has been said, the judgment against Willie O. Thomas, appellant herein, is reversed, and the cause, as to him, dismissed. In all other respects the judgment is affirmed.

It is so ordered.