## CROSS *v.* FOMBEY.

Decided January 31, 1891.

1. *Deed of trust—Record.*

A deed of trust executed for the purpose of securing a debt, to be void upon payment of the debt, is a mortgage, within the meaning of the statute which makes a mortgage a lien on the property from the time it is filed for record, and not before. (Mansfield's Digest, sec. 4743.)

2. *Attachment—Unrecorded mortgage—Priority.*

An order of attachment is a lien upon the defendant's property in the county subject to execution from the time it is delivered to the proper officer; and when perfected by levy and judgment sustaining the attachment, it will take precedence of the lien of a mortgage executed before, but not recorded until after, the order came into the officer's hands.

APPEAL from *Columbia* Circuit Court.

CHARLES W. SMITH, Judge.

*B. F. Askew* and *Sam W. Williams* for appellant.

1. The title passed at once to the trustee without any act on his part, and courts of equity never permit a trust to fail for want of a trustee. 4 Ark., 302; 18 *id.*, 65; 11 *id.*, 94; 15 *id.*, 60. Replevin was the proper remedy. Hill on Trustees, p. 188; 36 Conn., 10; 5 Wait, Ac. & Def., 472; 40 Ark., 75; 35 *id.*, 218.

2. While a deed of trust is like a mortgage in effect, it is not a mortgage within the provisions of sec. 4743 Mansf. Dig., as construed in 9 Ark., 112, but stands as at common law, affecting all who have notice. 18 Ark., 65; 49 Ark., 63; 27 Ark., 61. A strict construction of the word mortgage will not take in a deed of trust. Endlich on Int. Stat., secs. 127, 128, 341, 343.

3. Possession before the writs were levied obviated the necessity of registration, and left nothing subject to levy. Freeman on Eq., sec. 195; 49 Ark., 279; 33 *id.*, 329; 16 *id.*, 543; 15 *id.*, 73; 32 Ark., 478; 43 *id.*, 504.

*Smoote, McRae & Arnold,* and *J. M. Kelso* for appellees.

1. The instrument relied on was a mortgage within the provisions of sec. 4743 Mansf. Dig., and note *b*; 18 Ark., 105–6; 31 *id.*, 437.

2. Not being recorded, it was not effective against creditors. A writ of attachment binds the property of defendant from the time it comes to the hands of the officer. Mansf. Dig., sec. 325; 29 Ark., 85; 34 *id.*, 339; *ib.*, 97; 9 *id.*, 112; 18 *id.*, 105; 20 *id.*, 191; 33 *id.*, 87; 32 *id.*, 453; 35 *id.*, 67; 40 *id.*, 537; 42 *id.*, 140.

HUGHES, J. Appellant brought replevin for twelve bales of cotton and two hundred bushels of corn. Appellees answered that Fombey, as constable, and Sewell, as sheriff, of Columbia county, held the corn and cotton by virtue of certain writs of attachment placed in their hands in said county, which became liens on the same, and were levied thereon before the deed of trust under which appellant claimed was recorded. The evidence was, substantially, that on the 14th day of March, 1888, Bailey Baker conveyed in trust to J. R. Owsley to secure certain indebtedness to A. J. Brewer, which was to become due January 1, 1889, certain land and twenty-five bales of lint cotton, to weigh 500 pounds each, to be raised on his place in Columbia county, Arkansas, and also all the cotton and corn which he might make or cause to be made that year in said county.

Owsley refused to act as trustee, and appellant was appointed to act.

On the trial the appellant, Cross, proposed to testify that he took possession of the property before the defendants levied on it. Objection was made by appellees and the court sustained the objection, to which appellant excepted. The objection was properly sustained because " an order of attachment binds the defendant's property in the county, which might be seized under an execution against him, from the time of the delivery of the order to the sheriff or other officer," and not merely from the time of its levy, The lien upon the property is completed by execution of the order in the manner directed by the statute. Sec. 325, Mansf. Dig.

The appellant then offered to ask witness, J. M. Johnson, whether the cotton was turned over to him; if so, by whom and for what purpose and at what time it was turned over to him by Bailey Baker; and whether the same was turned over to him before the writs of attachment were issued; and whether this cotton turned over to him was the cotton described in the deed of trust; and what day the cotton was turned over to him by Bailey Baker for A. J. Brewer, the beneficiary in the trust deed. To all this an objection upon the part of appellees was sustained, to which appellant excepted. It is sufficient to say in reference to this, that there is no evidence that Johnson was the agent, or authorized to take possession of the cotton for Brewer or the trustee; and there is no evidence of notification to either of them of his taking possession of the cotton for him until after the orders of attachment came to the hands of the officers, and the liens thereof had attached.

The evidence for appellees identified the property as that levied upon, and showed that on the 6th of December, before appellant reached the place where the cotton was, the attachments had been levied upon it. On the 17th day of December, the day following the day on which the attachments were levied, the deed of trust conveying the property in controversy to appellant was filed for record.

The court refused to give to the jury, at the request of the appellant, the following instructions :

" 2.   If the jury believe from the evidence that the beneficiary in the mortgage, his agent or trustee, took possession of the property mentioned in the complaint before it was attached, for it or the proceeds thereof to be applied to the extinguishment of their debt, then they should find for the plaintiff.

" 3.   If the jury believe from the evidence that the mortgagor, Bailey Baker, delivered the cotton and corn, or any part thereof, mentioned in the complaint to J. M. Johnson to be delivered to A. J. Brewer, or his agent. in satisfaction of a debt then subsisting between the parties and secured by mortgage, and before the attachments were issued, then they should find for the plaintiff, at least to the extent of such delivery.

" 4.   If the jury believe from the evidence that A. J. Brewer had a valid mortgage or deed in trust against Bailey Baker, made in good faith and not satisfied or paid, on the property mentioned in the complaint, and that the plaintiff is trustee in said mortgage or deed in trust, they should find for the plaintiff, nevertheless the mortgage was not recorded until after the attachments were issued."

The court refused to give these instructions, or any of them, and plaintiff excepted.   The defendant then asked the following instructions, which were given against plaintiff's objections, and exceptions were saved.

" I.   The court instructs the jury for the defendant, that the trust deed, under which the plaintiff claims title as trustee herein, is, as to the cotton sued for, void for uncertainty, and as matter of law the plaintiff cannot recover said cotton in this action under said trust deed ; and if they find from the evidence that the plaintiff, W. A. Cross, has no other title to said cotton, they will find for the defendants as to said cotton.

" 2.   The jury is further instructed that an order of attachment binds the property of the defendant, and consti-

tutes an attachment lien thereon, from the time such order
comes to the hands of the sheriff or other officer for execu-
tion, if same is afterwards levied; and if they find from the
evidence that orders of attachments came to the hands of
the officer for execution in actions in favor of Fombey &
Co., J. E. Smith, J. G. Kelso and C. M. Fombey against
Bailey Baker, before the trust deed under which plaintiff
claims was filed for record, they will find for defendant for
corn as well as for said cotton herein sued for, even if said
orders or either of them were levied after the filing of said
deed of trust for record."

There were a verdict and judgment for appellees, a mo-
tion for a new trial, saving all points overruled, and an
appeal.

The first of these rejected prayers (No. 2) was properly
refused for the reason already mentioned in connection with
the evidence offered by appellant and rejected; that is, be-
cause there was no evidence that the property was delivered
to Brewer or his agent or the trustee or his agent befeor the
attachments were delivered to the appellees. There was no
evidence offered to show that Johnson was the agent of
Brewer or the trustee at the time the cotton was delivered
to him, or that either of them ever sought by ratification to
adopt his acts, until after the orders of attachment were re-
ceived by the officers and had become inchoate liens upon
the property, which liens were afterwards perfected by the
execution of the orders of attachment upon the property.
The above statement disposes of the rejected prayers num-
bered two and three.

The rejected prayer number four presents the main ques-
tion in this case; that is, whether a deed of trust, made in
good faith and unsatisfied, takes precedence of the lien of
an order of attachment, which comes to the hands of the
officer after the execution of the deed, but before the deed
is recorded.

It is contended for appellant that, upon the execution of
the deed of trust, the title to the property passes at once to

1. Deed of
trust—Record.

the trustee, without any act on his part; and that while a deed of trust is like a mortgage in effect, it is not a mortgage within the provisions of section 4743 of Mansf. Dig., which is as follows: "Every mortgage, whether for real or personal property, shall be a lien on the mortgaged prop-·erty from the time the same is filed in the recorder's office for record, and not before; which filing shall be notice to all persons of the existence of such mortgage."

Though good between the parties until filed for record, under this statute, the lien of a mortgage as to third parties has no existence, and is not binding upon them, though they have actual notice of it. *Main* v. *Alexander*, 9 Ark., 112; *Jacoway* v. *Gault*, 20 Ark., 190; *Hannah* v. *Carrington*, 18 Ark., 105; *Dodd* v. *Parker*, 40 Ark., 540; and the Arkansas decisions *passim.*

Does this statute apply to a deed of trust of the same character as the one in this case?

It is said of a similar conveyance in *Hannah* v. *Carrington, supra*, that it "falls within Mr. Kent's definition of a mortgage with a power of sale.   *   *   *   The character of the instrument is the same, whether the power of sale be vested in the mortgagee, or a third person as trustee." It purports only to be a security for a debt, with a defeasance clause that it shall be void upon payment of the debt. "Where the grantor parts with his title, giving it to the trustee absolutely, for the purpose of raising a fund to· pay debts, this is properly speaking a deed of trust, but where the conveyance is to secure a debt in case of default, thus assimilating the transaction to a mortgage, and where the intent of the grantor, instead of parting with his estate, is to retain it, in case he performs his obligations according to its terms, instruments of this class are also, but less technically, called deeds of trust, but in substance they are mortgages, with specific powers of foreclosing or barring the equity of redemption."   *   *   *   "The attributes of a deed of trust for such purpose and a mortgage with power of sale are the

same, both are intended as securities, and, in a legal sense, are mortgages." *Turner* v. *Watkins*, 31 Ark., 437.

In *Mayham* v. *Coombs*, 14 Oh., 428, it was held that "An unrecorded mortgage must be postponed to the lien of a judgment recovered after the date of the mortgage." *Jackson* v. *Luce, ib.*, 514. We have no hesitation in saying that, under the statutes of this State, an order of attachment becomes a lien upon the property of the defendants, subject to seizure on execution for the debts of the defendant in the county, from the time the order comes to the hands of the officer, and that, by levy of the attachment and judgment sustaining the same, such inchoate lien is perfected, and takes precedence of the lien of a mortgage executed before the order of attachment came to the hands of the officer, but not recorded till afterwards.

2. Priority—<br>Attachment and<br>unrecorded<br>mortgage.

There was no error in the court's refusal to give the fourth instruction asked for by the appellant, and no error prejudicial to him in the instructions given by the court.

The judgment is affirmed.