COMBS v. OWEN.

Opinion delivered September 22, 1930.

*S. E. Gilliam,* for appellant.

*Mahony, Yocum & Saye* and *Joiner & Stevens,* for appellee.

McHANEY, J. This is an appeal from a judgment against appellant in the sum of $1,000, in favor of the appellee, for conversion of twenty head of mules by appellant, on which appellee held a deed of trust. Appellee sold twenty head of mules, about 500 acres of standing timber, a sawmill, and other personal property to W. E. Babb, and for the purchase price took a deed of trust or mortgage from Babb and wife to himself which was dated May 18, 1927, but which was executed and acknowledged on the 19th day of May, 1927, by Babb and wife, and filed for record in Union County, Arkansas, on May 20, 1927. The mortgage was also recorded in Columbia County but on November 22, 1927. During the month of September, 1927, appellant purchased the mules from Babb and disposed of them, and this action for conversion of the mules followed, by reason of the fact that Babb failed to pay his note given for the property purchased from appellee, which was secured by the deed of trust on all the property.

At the conclusion of the testimony appellant requested an instructed verdict in his favor, which the court refused and which was assigned as error in the motion for a new trial. A number of other errors are assigned and urged for our consideration, but in view of the disposition we make of the first it becomes unnecessary to discuss the others. We think the request for an instructed verdict in appellant's favor should have been granted. Our statute, § 7380, C. & M. Digest, provides that mortgages for personal property shall be recorded in the county in which the mortgagor resides, if a resident of this State. Section 7381 of the Digest provides that, "every mortgage, whether for real or personal

property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before; which filing shall be notice to all persons of the existence of such mortgage." Under these sections of the statute, this court has many times held that a mortgage is good between the parties to it even though not acknowledged and recorded, but that such a mortgage does not constitute a lien upon the mortgaged property, as against strangers, unless it is acknowledged and recorded, even though they may have actual notice of its existence. It has been further held many times that the record of a chattel mortgage in a county other than that of the mortgagor's residence is no notice to third persons. From *Main* v. *Alexander,* 9 Ark. 112, down to the present time, one of the recent cases being *Hall* v. *Cartwright,* 179 Ark. 1082, this court has so construed said statutes. Whether a chattel mortgage should be filed in the county of the residence of the mortgagor at the time of its execution or whether it should be filed in the county of the residence at the time of filing, this court has never decided, so far as the diligence of counsel discloses, nor have we found such a case by our independent investigation. We do not find it necessary to determine this question in this case as we have reached the conclusion that there is no substantial testimony in the record to show that the mortgagor, Babb, ever established a residence in Union County. The burden of proof in this regard was on appellee. In 11 C. J., p. 528, the rule is stated as follows: "Where the mortgagor's residence controls as to the proper place of record, one claiming under the mortgage must establish that the mortgagor's residence was such as to render the filing proper." *Capon* v. *O'Day,* 165 Wis. 486, 162 N. W. 655, 1 A. L. R. 1657, is cited to sustain the text, which it does under a statute similar to ours. "Residence means something more than a mere presence in a place, particularly where the mortgagor has at the same time a permanent place of abode in another locality. * * * The fact of actual

residence is to be determined by the ordinary and obvious indicia of residence.'' 11 C. J., p. 527. It is undisputed in this record that Babb, at the time of the execution of the mortgage to appellee, was a resident of Columbia County, living in the town of Waldo. Appellee so testified and further stated that he went to Union County to operate the sawmill some two or three days after the execution of the mortgage. As above stated, the mortgage was executed on the 19th day of May, 1927, and was filed for record on the 20th in Union County. It was, therefore, not filed in the county of his residence either at the date of execution or at the date of filing. When he went to Union County to operate the sawmill he left his wife and children living in his home in Waldo, in Columbia County, where they continued to reside as long as he remained in Union County, some four or five months, when he left for parts unknown. The only article of furniture he took with him to Union County was a bed for sleeping purposes during his stay there in the operation of the sawmill. Since he had a permanent place of abode in Columbia County and since the facts and circumstances in the case indicate that he was merely in Union County temporarily and had no intention of removing his residence from Columbia to Union County permanently, we are of the opinion that the appellee failed to establish the residence of the mortgagor in the county where the mortgage was filed. True, it was filed in Columbia County, but at the time of its filing, the rights of appellant, a third person, had already accrued and such filing was no notice to him.

It necessarily follows from what we have said that the court erred in refusing to direct a verdict in appellant's favor. The judgment will therefore be reversed, and the cause remanded for a new trial. It is so ordered.