WEST, SHERIFF *v.* GENERAL CONTRACT PURCHASE CORPORATION.

4-9854                                             252 S. W. 2d 405

Opinion delivered October 20, 1952.

*Fletcher Long,* for appellant.

*Guy B. Reeves,* for appellee.

GEORGE ROSE SMITH, J.   This appeal presents for interpretation certain sections of Act 142 of 1949, governing the registration of motor vehicle titles. Ark. Stats. 1947, Title 75, Ch. 1.   The controversy centers upon a question of priority as between the claims of two creditors of J. A. White.   One of these creditors, Mollie B. Cisco, obtained a municipal court judgment against

White for $245.70 and delivered a writ of execution to the appellant, the sheriff of St. Francis County. The sheriff levied upon an automobile owned by White. The other creditor, the appellee, then brought this suit against White and the sheriff to enjoin the execution sale. The complaint asserts that the plaintiff has paramount title to the car by reason of a promissory note and conditional sales contract executed by White as vendee of the vehicle. The sheriff, without exercising his option of asking that the judgment creditor be substituted as defendant (Ark. Stats., § 27-820; *Ferguson* v. *Ehrenberg*, 39 Ark. 420), undertook the defense of the case by filing an answer denying the plaintiff's right to relief.

At the trial the plaintiff rested its case after introducing its title retaining contract and proving that a delinquent balance of $996.60 was owed by White on the note. The sheriff offered the writ of execution as his authority for proceeding with the sale. Upon this proof the chancellor held the plaintiff's claim to be superior. The decree appoints the sheriff as receiver and directs that the car be sold, the proceeds to be applied first to the plaintiff's debt and then to Mrs. Cisco's judgment.

For reversal the sheriff contends that the plaintiff failed to make a *prima facie* case, in that it was not shown that a certified copy of the conditional sales contract had been deposited with the Title Department of the State Motor Vehicle Division. Ark. Stats., § 75-160. The pivotal question is whether it was essential for the plaintiff to prove its compliance with the title registration law, or whether noncompliance was a matter of defense to be pleaded and proved by the sheriff.

This is the applicable language of Act 142:

"Section 60. *Filing liens and encumbrances.* (a). No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances with or with-

out notice until the requirements of this article have been complied with.

"(b). There shall be deposited with the department a copy of the instrument creating and evidencing such lien or encumbrance, which instrument is executed in the manner required by the laws of this State with an attached or endorsed certificate of a notary public stating that the same is a true and correct copy of the original and accompanied by the certificate of title last issued for such vehicle.

\* \* \* \*

"Section 61. *Filing effective to give notice.* (a). Such filing and the issuance of a new certificate of title as provided in this article shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers except such liens as may be authorized by law dependent upon possession. In the event the documents referred to in Section 62 [Section 60] are received and filed in the central office of the department within 10 days after the date said documents were executed the constructive notice shall date from the time of the execution of said documents. Otherwise constructive notice shall date from the time of receipt and filing of such documents by the department as shown by its endorsement thereon.

"(b). The method provided in this article of giving constructive notice of a lien or encumbrance upon a registered vehicle shall be exclusive except as to liens dependent upon possession. . . ." Ark. Stats., §§ 75-160 and 75-161.

It is evident that by Act 142 the Legislature intended, with respect to motor vehicles, to subject conditional sales contracts, chattel mortgages, and other encumbrances to an identical requirement that a certified copy thereof be filed with the department. Section 61 not only provides that the statutory method of giving notice shall be exclusive but also exempts the specified documents from the operation of other recording laws.

It cannot be doubted that legislation of this kind was needed. In the past chattel mortgages were required to be recorded; indeed, there was no lien as to strangers until this requirement had been met. Ark. Stats., § 51-1002; *Thornton* v. *Findley,* 97 Ark. 432, 134 S. W. 627, 33 L. R. A., N. S. 491. And the mortgagee, in asserting his lien against a purchaser from the mortgagor, had the burden of proving compliance with the recording law. *Combs* v. *Owen,* 182 Ark. 217, 31 S. W. 2d 127.

An entirely different situation formerly existed as to title retaining contracts. There was no requirement that such an agreement be recorded, *Meyer* v. *Equitable Credit Co.,* 174 Ark. 575, 297 S. W. 846; on the contrary, the reservation of title could be made by an oral agreement. *Home Fire Ins. Co.* v. *Wray,* 177 Ark. 455, 6 S. W. 2d 546. In this State we followed the common law rule that gave a conditional vendor priority over a subsequent purchaser without notice, although in an early case we mentioned "the hardship that is sometimes discovered when the condition is to be enforced against a *bona fide* purchaser." *McIntosh* v. *Hill,* 47 Ark. 363, 1 S. W. 680.

Many hard cases resulted from the want of a recording law for conditional sales agreements. As Professor Strahorn pointed out in 1929: "One of the outstanding needs for statutory reform of the subject in Arkansas is a recording act. It should take no argument to point out that there is a great opportunity for fraud on innocent third parties when the buyer can sell the chattel, pocket the money, and leave his vendee subject to the secret reservation of title which may cause him to lose the chattel, or to have to pay up the balance of the purchase price to keep it. That such has happened is proved by the numerous times the situation has recurred in cases which have reached the Supreme Court." Strahorn, "Conditional Sales of Chattels in Arkansas," 1 U. of Ark. L. S. Bull. 3.

Now that the situation has been corrected by the General Assembly we have no inclination to undermine the legislative intent by a narrow construction of the law.

As we said of this Act in *Terrell* v. *Loomis,* 218 Ark. 296, 235 S. W. 2d 961, "The Act is mandatory in all that it requires." We would ourselves be legislating if we failed to give effect to the imperative declaration of § 75-160: "No conditional sale contract . . . is valid as against the creditors of an owner acquiring a lien by levy . . . until the requirements of this article have been complied with." The Legislature could hardly have expressed more unmistakably its determination to make the required filing a condition precedent to the validity of the encumbrance in the situation now presented. Hence the plaintiff's burden of proving a superior title was not met without a showing that its title retaining contract had been filed with the department.

In the court below the judgment debtor made no defense to either claim; the dispute was solely between the two creditors. The court rightly ordered a sale of the property, but it erred in adjudging the appellee's claim to be prior to Mrs. Cisco's judgment, instead of the other way around. In this respect the decree is modified and the cause remanded.