BETTIS *v.* MANHATTAN CREDIT CO.

5-1797                                                   324 S. W. 2d 352

Opinion delivered May 25, 1959.

*M. V. Moody* and *Joseph Brooks,* for appellant.

*Talley & Owen* and *James R. Howard,* for appellee.

GEORGE ROSE SMITH, J. This dispute about the ownership of a Chevrolet car involves ostensibly conflicting certificates of title to the vehicle, issued by the Commissioner of Revenues. Ark. Stats. 1947, § 75-139. The trial court, sitting without a jury, adjudged the plaintiff-appellee's title to be superior, and the other claimant, Bettis, has appealed.

The facts are simple. On July 13, 1957, E. R. Wiggs (a defendant who has not appealed) bought the car in question and executed a title-retaining note to the appellee for the unpaid balance of the purchase price. The

vehicle was duly registered with the Commissioner of Revenues, who issued a certificate of title which correctly described the car as bearing motor number B56A-092128 and which further recited the existence of the lien held by the appellee. That certificate of title is still in the possession of the appellee and is relied upon by it in this suit to replevy the car for nonpayment of the purchase price.

Within a few months after Wiggs' purchase the car in some way came into the possession of Kathryn Rugh, who took it to Mississippi and incorrectly registered it there as having motor number B56A-093128. Kathryn Rugh then returned to Arkansas and applied for a certificate of title, falsely representing that she had bought the vehicle new in Mississippi. The Commissioner of Revenues, relying on the Mississippi registration, issued a certificate of title carrying the incorrect motor number and reciting that the vehicle was free from liens. Kathryn Rugh then sold the car to Bettis and apparently disappeared with the fruits of her fraudulent scheme. Bettis had the car registered in his own name, under the erroneous motor number, and now asks that he be protected as a *bona fide* purchaser.

The trial court's decision was plainly correct. We have held that the automobile title registration law makes motor vehicle titles and encumbrances a matter of public record, similar to the recording of deeds and mortgages. *Blaylock* v. *Herrington,* 219 Ark. 939, 245 S. W. 2d 576. Here the appellee did all it could to protect itself, by making its lien a matter of record and thereby giving constructive notice to subsequent purchasers of the car. Ark. Stats., § 75-161; *West* v. *General Contract Purchase Corp.,* 221 Ark. 33, 252 S. W. 2d 405. Bettis is not a purchaser without notice, for he relied upon a certificate of title bearing an incorrect motor number and thus in effect describing a different vehicle. He stands in no better position than one who examines an abstract of title to forty acres of land and then buys a different forty and contends that he is a purchaser without notice.

Our conclusion is unquestionably just, for it was Bettis rather than the appellee or the Commissioner who was at fault. The Commissioner is blameless, as the evidence shows that he does not physically inspect vehicles that are registered under the title law; he accepts the applicant's description of the car, including its motor number. Hence the Commissioner had no way of knowing that Kathryn Rugh was registering the vehicle that had belonged to Wiggs, as Kathryn Rugh misstated its motor number. The Commissioner, however, does keep an index of all registered vehicles according to their identifying numbers, as the statute requires him to do. Ark. Stats., § 75-138. If Bettis had taken the trouble to examine the motor number of the car he bought he would have found that it differed from the number recited in Kathryn Rugh's certificate of title, and an inquiry at the office of the Commissioner on the basis of the correct motor number would then have disclosed Wiggs' title and the appellee's lien. It is plain enough that the appellant's predicament is due to his own carelessness rather than to any negligence on the part of the Commissioner or of the appellee.

Affirmed.