FRANCIS *v.* THOMAS.

5-2174                                          338 S. W. 2d 933

Opinion delivered October 10, 1960.

*G. W. Lookadoo,* for appellant.

*Richard W. Hobbs* and *B. W. Thomas,* for appellee.

SAM ROBINSON, Associate Justice. The issue here is the priority of liens. On August 17, 1959, appellees filed suit against Bonnie N. Connelly for an attorney's fee in the sum of $3,559.90. On the same date the plaintiffs filed an affidavit and bond for the attachment of a certain Ford automobile alleged to be owned by Mrs. Connelly. The summons and attachment were served by the sheriff on August 20th and the sheriff took possession of the automobile under the order of attachment. On August 29, 1959, appellant Francis filed an intervention alleging that on July 23, 1959 he had loaned Mrs. Connelly $1,000 on the

automobile later attached by the appellees and that his mortgage was superior and paramount to the attachment which appellees had caused to be executed against the automobile. Later the case was tried and there was a judgment in favor of appellees against Mrs. Connelly for the amount asked in the complaint. The order of attachment was sustained and on order of the court the sheriff sold the automobile. It sold for $1,475, and the court ordered this money paid to appellees to be credited on the judgment. Francis, the intervenor and mortgagee, has appealed.

Ark. Stat. § 75-160 provides, among other things: "(a) No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances with or without notice until the requirements of this article . . . have been complied with. (b) There shall be deposited with the department [Department of Revenues] a copy of the instrument creating and evidencing such lien or encumbrance, which instrument is executed in the manner required by the laws of this State with an attached or indorsed certificate of a notary public stating that the same is a true and correct copy of the original and accompanied by the certificate of title last issued for such vehicle."

In *Cross* v. *Fombey*, 54 Ark. 179, 15 S. W. 461, this Court said: "We have no hesitation in saying that, under the statutes of this State, an order of attachment becomes a lien upon the property of the defendants, subject to seizure on execution for the debts of the defendant in the county, from the time the order comes to the hands of the officer, and that, by levy of the attachment and judgment sustaining the same, such inchoate lien is perfected, and takes precedence of the lien of a mortgage executed before the order of attachment came to the hands of the officer, but not recorded until afterwards."

In the case at bar, a copy of the mortgage was not filed with the Department of Revenues, as required by the foregoing statute. Section 60, par. (c), of Act 142 of 1949 originally required that holders of title retaining notes or contracts of purchase on registered vehicles must record same with the circuit clerk in the county where the payor resides. By Act 208 of 1951, paragraph (c) was specifically repealed. In 1959 a new title registration act (Act 307) was passed, which in many respects is indentical with Act 142 of 1949, but which omits any requirement that liens or encumbrances be recorded in the county of the purchaser. We therefore conclude that it was the intention of the Legislature to eliminate any requirement that such instruments be recorded by the circuit clerk. See *West* v. *General Contract Purchase Corp.*, 221 Ark. 33, 252 S. W. 2d 405.

Affirmed.