DICK CONWAY MOTORS, INC. *v.* CALDWELL-DOUGLASS CO.

5-2399                                      345 S. W. 2d 630

Opinion delivered April 24, 1961.

[Rehearing denied May 22, 1961.]

*Henry W. Gregory, Jr.* and *H. Murray Claycomb,* for appellant.

*Joe Holmes, Langston & Walker,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit to determine the priority between the holder of an unrecorded title retaining contract and a judgment creditor. During the fall of 1959 (Dec. 8) Dick Conway Motors, Inc., of Lonoke sold to Opie McPherson a new 1960 automobile under a title retaining instrument. At the request of McPherson, Conway Motors retained the manufacturer's certificate of origin. Conway Motors assigned the conditional sales contract to a credit agency. When McPherson defaulted on his payments the credit agency requested Conway Motors to repurchase the contract which it did. After delivery of the automobile to McPherson, he had placed his own "deal-

er's license" on it. McPherson failed to apply for registration, license, and issuance of a title certificate on this vehicle and never paid the sales tax thereon. The automobile was never registered in Arkansas. On May 31, 1960 Caldwell-Douglass Company [appellee and plaintiff below] had execution issued on a judgment which it had obtained against McPherson and levy was made on the automobile sold by Conway Motors to McPherson. The sale of the automobile was made as subject to no liens. The lower court granted a temporary stay of execution while a hearing was had upon the priority of liens. At the close of the hearing the court below ruled that the levy of execution, by appellee, was superior to the conditional vendor's lien. The conditional vendor, Conway Motors [appellant], has appealed.

The appellant argues for reversal that the provisions of our recording acts [Acts 1949, No. 142] for conditional sales, Ark. Stats., § 75-160 *et seq.*, do not apply to the case of an unregistered motor vehicle. We do not agree. Our recent cases of *West, Sheriff* v. *General Contract Purchase Corporation,* 221 Ark. 33, 252 S. W. 2d 405, is contrary to the view which the appellant urges here. We there held that: "A claim arising from a conditional sales contract of a motor vehicle not filed with the Motor Vehicle Division of the office of the Commissioner of Revenues as provided by Act 142 of 1949 is not, with or without notice thereof, superior to a judgment lien. * * * The provisions of Act 142 of 1949 providing for the filing of title retaining contracts with the Motor Vehicle Division of the office of the Commissioner of Revenues are exclusive and mandatory. * * * Section 75-160, Ark. Stats., 1947, providing that no conditional sales contract is valid against the creditors of an owner acquiring a lien by levy, etc., until the statute has been complied with placed the burden on appellee of showing a superior claim to the car * * * and this burden was not discharged," and Ark. Stats., §§ 75-160, 161 provide the exclusive method of

giving notice. Sec. 75-160: "(d) If the vehicle is of a type subject to registration hereunder but has not been registered and no certificate of title has been issued therefor, then the certified copy of the instrument creating such lien or encumbrance shall be accompanied by an application by the owner in usual form for an original registration and issuance of an original certificate of title. In every such event such application shall be accompanied by the fee or fees as provided in this Act [§§ 75-101—75-191]." In the present case, attempted notice was given at the sale by McPherson informing the purchaser and the sheriff that Conway Motors held the conditional sales contract. Such notice is ineffective when viewed in the light of the legislative intent embraced in Act 142 above.

The judgment is affirmed.