BENTON COUNTY MOTORS *v.* FELDER.

5-2937                                    366 S. W. 2d 721

Opinion delivered April 1, 1963.

[Rehearing denied May 6, 1963.]

*Scott & Davidson,* for appellant.

*Jeff Duty,* for appellee.

CARLETON HARRIS, Chief Justice. This is a Replevin action wherein all facts were stipulated by counsel, and submitted to the Benton County Circuit Court for determination as a matter of law. The admitted facts, as set forth in the stipulation and pleadings, are as follows:

Stafford McCumber, a resident of Amite County, Mississippi, on June 10, 1961, purchased from the Frazier Automobile Supply Company of McComb, Mississippi, a certain Plymouth automobile, under a conditional sales contract. This contract was sold and assigned to Fred Felder d/b/a Felder Finance Company of McComb on the same date. The conditional sales contract was not, and has never been, filed for record in the chattel mortgage records in the office of the Chancery Clerk of Amite County, Mississippi.

Thereafter, McCumber brought the automobile to Benton County, Arkansas, and on December 21, 1961, sold the car to Benton County Motors, Inc., appellant herein. This automobile was purchased by the company from McCumber as a trade-in, without notice of any defect of title, in the ordinary course of trade, and as a *bona fide* purchaser for value without notice. The conditional sales contract had not been filed within the State of Arkansas, nor has it ever been filed in this state. At the time of the institution of the suit by appellee, McCumber was in default under the terms of the contract, and remained in default as of the time of the trial. After argument and the submission of briefs, the court, in addition to facts already enumerated, made the following findings:

That said title retaining note at the time of its execution to the present time constitutes a security interest between the maker, Stafford McCumber and the Frazier Auto Supply Company, or its assignees.

That permission was not given to Stafford McCumber by Frazier Auto Supply Company or its assignees to remove said automobile from the state of Mississippi.

That the plaintiff, Fred Felder, holds the title retaining note to the above-described automobile and as such holder is entitled to immediate possession thereof and that the title retaining note of plaintiff is superior to title certificate issued to defendant by the Commissioner of Revenue of the State of Arkansas.

That the certificate of title issued to the above described automobile by the Commissioner of Revenues of the State of Arkansas, should be and is hereby cancelled and set aside.''

Judgment was entered in accordance with these findings, and from such judgment comes this appeal.

We are of the opinion that the court erred in holding that Felder was entitled to the possession of the automobile, and that his title-retaining note was superior to the title held by appellant. Subsection 6 of Section 8075-01 (a part of the Motor Vehicle Sales Finance Act of Mississippi) M. V. S. F. provides as follows:

" 'Retail installment contract' or 'contract' means an agreement, entered into in this state, pursuant to which the title to, or a lien upon the motor vehicle, which is the subject matter of a retail installation transaction, is retained or taken by a retail seller from a retail buyer as security, for the buyer's obligation. The term includes a chattel mortgage, a conditional sales contract and a contract for the bailment or leasing of a motor vehicle by which the bailee or lessee contracts to pay as compensation for its use a sum substantially equivalent to or in excess of its value and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming, the owner of the contract. No such retail installment contract shall be valid and binding against subsequent lien holders or purchasers for value without notice unless the same shall be filed for recording in the chattel mortgage records in the office of the chancery clerk of the county of the residence of the retail buyer within ten (10) days after the date of said retail installment contract."

Admittedly, this contract was not filed for recording.

Section 75-160, Ark. Stats. Anno., 1961 Supp., provides as follows:

"(a) No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances with or without notice until the requirements of this article [§§ 75-160, 75-161] have been complied with.

(b) There shall be deposited with the department a copy of the instrument creating and evidencing such lien or encumbrance, which instrument is executed in the manner required by the laws of this State with an attached or indorsed certificate of a notary public stating that the same is a true and correct copy of the original and accompanied by the certificate of title last issued for such vehicle.

(c) *If a vehicle is subject to a security interest when brought into this State, the validity of the security interest is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following:* [1]

1. If the parties understood at the time the security interest attached that the vehicle would be kept in this State and it was brought into this State within thirty (30) days thereafter for purposes other than transportation through this State, the validity of the security interest in this State is determined by the law of this State.

2. If the security interest was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply:

(A) If the name of the lien holder is shown on an existing certificate of title issued by that jurisdiction, his security interest continues perfected in this State.

(B) If the name of the lien holder is not shown on an existing certificate of title issued by that jurisdiction the security interest continues perfected in this State for four (4) months after a first certificate of title of the vehicle is issued in this State, and also, thereafter if, within the four (4) month period, it is perfected in this State. The security interest may also be perfected in this State after the expiration of the four (4) month period; in that case perfection dates from the time of perfection in this State.

3. *If the security interest was not perfected under the law of the jurisdiction where the vehicle was when the security interest attached, it may be perfected in this State; in that case, perfection dates from the time of perfection in this State."* [2]

The italicized provisions determine the law in this litigation. According to Webster's Third New International Dictionary, the word "perfect" means to "finish; to complete or put in final form in conformity with law." Admittedly, this lien was neither perfected under the law of Mississippi nor the law of Arkansas, and appellant was admittedly a *bona fide* purchaser.

---

[1] Emphasis supplied.
[2] Emphasis supplied.

Appellee argues that the Mississippi recording and filing requirement does not affect the transaction between appellant and McCumber which occurred in Arkansas, asserting that the filing statute only protects *bona fide* purchasers dealing with the property within the state of Mississippi. Citations are given from authorities on conflict of laws. (Appellee then states that the law of the state to which the chattel was removed, and is situated at the time of the transaction, controls the effect of the subsequent transaction upon the title.) With this statement we agree, for we deem the Arkansas law controlling. However, appellee contends that Section 75-160 (heretofore quoted) has no effect upon this particular transaction because the Act only requires that conitional sales contracts on *registered* vehicles be filed. We do not consider this contention to be sound, for we are firmly of the opinion that the legislative purpose in enacting the legislation found in 75-160 was to protect *bona fide* purchasers. Certainly, the legislature did not intend to give to one, who complies neither with the statute requiring registration nor the statute requiring the filing of the conditional sales contract, a greater right than that given to one who complies only with the registration provision. A reading of the entire chapter (Title 75, Motor Vehicles) and amendatory acts seems to make clear that Section 75-160 has reference to all vehicles which are required to be registered. For that matter, though such fact is not included in the stipulation, the vehicle here in question was registered; this we know by the fact that the court ordered the registration cancelled. The record does not reflect when the act of registration occurred, and, of course, the burden was upon appellee, as plaintiff, to establish his case.[3]

In accordance with the views herein expressed, the judgment is reversed and the cause remanded with directions to enter judgment for the appellant.

---

[3] Both parties have gone out of the record on this point. Appellee states that the appellant registered the vehicle "and secured a title after McCumber had sold it to appellant." Appellant states that the vehicle in question was first registered in Mississippi to McCumber, and that after the car was brought to Arkansas, "application for Arkansas registration was made by McCumber, the Mississippi evidences surrendered to the proper Arkansas authorities and a certificate of title first issued to McCumber in Arkansas." Appellant also asserts that this point is advanced here for the first time on appeal. We, of course, do not consider either version since the record does not reflect which is correct.