LONOKE PRODUCTION CREDIT ASSN. *v.* BOHANNON.

5-3271                                    379 S. W. 2d 17

Opinion delivered May 25, 1964.

*Chas. A. Walls, Jr.,* for appellant.

*James E. Dodds,* for appellee.

FRANK HOLT, Associate Justice. This appeal involves the application of our Uniform Commercial Code. The first issue presented relates to the competing claims of appellant and the appellee, Raymond W. Strange.

On August 2, 1962, Charles Bohannon and his wife purchased some used farm machinery from a neighboring farmer, appellee Strange, giving a chattel mortgage with power of sale to secure the purchase price of $750.00 as evidenced by their note. The Bohannons took posses-

sion of the machinery. Appellee Strange did not file his mortgage until January 16, 1963.

On September 25, 1962, the appellant filed a financing statement and security agreement [executed pursuant to the Code] to secure a cash loan of $1,070.00 made by appellant to the Bohannons on this same farm equipment.

The Chancellor found that appellee Strange is the owner of the equipment and that neither appellant nor the Bohannons had any title or interest in the property. For reversal the appellant argues that title to the farm machinery passed to the Bohannons on August 22, 1962, the date of the purchase and the chattel mortgage. Therefore, since appellee Strange did not file his purchase money chattel mortgage until after the appellant had filed its financing statement and security agreement, the secured transaction of appellant was first perfected and takes priority over appellee Strange's unfiled mortgage.

It is true that ordinarily a secured party must perfect his secured interest by a formal filing as required by our Code. However, appellant's contention of priority is answered by Ark. Stat. Ann. § 85-9-302 (1) (c) (Addendum 1961). This section of the Code, in pertinent part, reads:

"* * * Security interest to which filing provisions of chapter *do not apply.*—(1) A financing statement must be filed to perfect all security interests *except the following*: * * *. (c) a purchase money security interest in farm equipment having a purchase price not in excess of $2,500;". [Emphasis added]

The next subsection, (d), also exempts a purchase money security interest in consumer goods. Arkansas Law Review, Vol. 16, No. 1, p. 153, recognizes these exemptions in a situation such as in the case at bar. There it is said:

"* * * It has been noted that under § 85-9-302 (1) (c) and (d) no filing is required for perfection of

purchase money security interests in these types of goods.'' [Farm equipment and consumer goods]
See, also, Wyoming Law Journal, Vol. 14, No. 3, p. 220; *U.G.I.* v. *McFalls,* 18 D. & C. 2d, 713 (Penn. 1959).

A chattel mortgage is a secured transaction within the meaning of the Code. Ark. Stat. Ann. § 85-9-102 (2), which relates to secured transactions, provides:

"This Article [chapter] applies to security interests created by contract including pledge, assignment, *chattel mortgage,* chattel trust, * * * intended as security." [Emphasis added]
A security interest is defined in Ark. Stat. Ann. § 85-9-107 as follows:

"A security interest is a 'purchase money security interest' to the extent that it is (a) taken or retained by the seller of the collateral to secure all or part of its price;".

The chattel mortgage in the case at bar was a "purchase money security interest". A security interest "attaches" when a secured agreement such as this chattel mortgage has been executed, the secured creditor has given value, and the debtor has acquired some ownership in the collateral which he can encumber. Ark. Stat. Ann. § 85-9-204.

In the case at bar appellee Strange's purchase money security interest "attached" and was automatically perfected, although unfiled, on the date and delivery of the chattel mortgage since it involved the sale of farm equipment for a purchase price of less than $2,500.00. Thus, it must be said that appellee Strange's unfiled chattel mortgage had priority over appellant's recorded security interest and, therefore, it must be satisfied first from any proceeds of a sale of the farm equipment.

It is to be noted that appellee Strange contends that title to the farm equipment remained in him and the Chancellor so held. Appellee Strange is estopped from asserting this claim since he accepted the chattel mort-

gage. 36 Am. Jur., Right of Mortgagee, § 257, p. 819. To this extent the Chancellor's decree must be modified.

The next issue presented is the competing claims of appellee W. A. Fisher and appellant. Appellee Fisher, by oral agreement, entered into a business venture with the Bohannons with reference to placing his calves upon the lands of the Bohannons for them to feed and for purposes of sale. When the calves were sold there was to be an accounting between the parties. At the time the Bohannons left Arkansas they received $76.00 from Fisher in settlement of the account between them. Prior to the appointment of a receiver, Fisher acquired possession of the calves and removed them from Lonoke County. The calves were included with the farm equipment in the collateral covered by the financing statement and security agreement filed on September 25, 1962. The appellant contends that the court was in error in refusing to order Fisher to pay to the appellant the Bohannons' alleged equity in the calves. Appellee Fisher maintains that he never parted with the ownership of the calves and that the payment of $76.00 was in settlement for labor performed by the Bohannons and not for any equity. The Chancellor found this issue in favor of appellee Fisher. It certainly cannot be said that the Chancellor's finding on this issue is against the preponderance of the evidence.

The decree is affirmed.