**In re Richard G. SHIFLET, Bankrupt.**

**No. J-64-B-23.**

United States District Court
E. D. Arkansas,
Jonesboro Division.

April 2, 1965.

184

Reid & Burge, Blytheville, Ark., for petitioner.

Gardner & Steinsiek, Blytheville, Ark., for respondent.

GORDON E. YOUNG, District Judge.

This petition for review in bankruptcy is brought by Universal C.I.T. Credit Corporation from an order of the Referee holding that the lien obtained by the Trustee under 11 U.S.C.A. § 110, sub. c was superior to the conditional sales contract held by the petitioner. Since the facts are not in issue, only an issue of law is presented with respect to priority of liens.

The facts show that the automobile on which the lien is claimed, when new, was sold to one Ted Johnson, who mortgaged the same to Universal C.I.T. Credit Corporation for $3,116.88. On April 6, 1964, Ted Johnson entered into a car deal or swap with Langley Auto Sales of Blytheville, Arkansas. On the same day, Langley Auto Sales sold the car in question to Richard G. Shiflet and re-assigned the title to Shiflet. At the time Shiflet received the Title Certificate and pink slip issued to Ted Johnson, the Title Certificate reflected that the automobile had been transferred by Johnson to Langley's Auto Sales; that the $3,116.88 indebtedness shown on the face thereof as owed to Universal C.I.T. Credit Corporation was satisfied by that company and its lien released; and that Langley's Auto Sales warranted the title to said vehicle to be free from all encumbrances except "$845.46 to U.C.I.T. at Blytheville, Arkansas." After owning the automobile for three and one-half months, Shiflet voluntarily took bankruptcy. He had not filed his purchase contract with the Motor Vehicle Division of the Department of Revenues as required by Ark.Stats. § 75-149. Thus no Title Certificate was ever issued to Shiflet nor was the previous indebtedness owed by Ted Johnson to Universal C.I.T. Credit Corporation ever shown on the records of the Motor Vehicle Division as having been cancelled.

The pertinent Arkansas Statutes provide as follows:

"Ark.Stats. § 75-160(a). No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances with or without notice until the requirements of this article (§§ 75-160, 75-161) have been complied with.

"(b). There shall be deposited with the department a copy of the instrument creating and evidencing such lien or encumbrance, which instrument is executed in the manner required by the laws of this State with an attached or indorsed certificate of a notary public stating that the same is a true and correct copy of the original and accompanied by the certificate of title last issued for such vehicle.

"(c). (Repealed.)

"(d). * * *

"(e). Upon receipt of application and documents as hereinabove pro-

vided, the department shall file the same, indorsing thereon the date and hour received at the central office of the department and when satisfied as to the genuineness and regularity of said application shall issue a new certificate of title in usual form giving the name of the owner and a statement of all liens or encumbrances certified to the department as herein provided as existing against said vehicle.

"(f). * * *"

"Ark.Stats. § 75–161(a). Such filing and the issuance of a new certificate of title as provided in this article (§§ 75–160, 75–161) shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers except such liens as may be authorized by law dependent upon possession. In the event the documents referred to in Section 62 (§ 75–162) are received and filed in the central office of the department within ten (10) days after the date said documents were executed the constructive notice shall date from the time of the execution of said documents. Otherwise constructive notice shall date from the time of receipt and filing of such documents by the department as shown by its indorsement thereon.

"(b). The method provided in this article (§§ 75–160, 75–161) of giving constructive notice of a lien or encumbrance upon a registered vehicle shall be exclusive except as to liens dependent upon possession and any said lien or encumbrance or title retention instrument filed as herein provided and any documents evidencing the same are hereby exempted from the provisions of law which otherwise require or relate to the recording or filing of instruments creating or evidencing title retention or other liens or encumbrances upon

vehicles of a type subject to registration hereunder."

The Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, provides in part as follows:

"(c) * * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

In Dick Conway Motors, Inc. v. Caldwell-Douglass Co., 233 Ark. 494, 345 S. W.2d 630, under similar facts, it was held that the method set out in Ark.Stats. §§ 75–160 and 75–161 for perfecting liens on automobiles was the exclusive method of giving notice that a motor vehicle is subject to a conditional vendor's lien, and also that owner's attempt to notify the sheriff and purchaser at execution sale that such lien existed was ineffective.

The petitioner contends that since the Ted Johnson lien was not shown as having been satisfied on the records of the Motor Vehicle Division of the State Revenue Department, and since the conditional vendor's lien for the purchase price owed by Shiflet was shown on his only evidence of title, a judgment creditor or anyone else would have notice that a lien existed on the automobile in question in favor of Universal C.I.T. Creditor Corporation.

The answer to the petitioner's contention is that, under the law as set out above and as construed by the Supreme Court of Arkansas, notice is not sufficient to affix a lien on an automobile—only the filing with the Motor Vehicle Division as required will create such a lien. Since the Trustee stands in the position of an attaching or levying creditor, it follows that the Referee was correct in holding that the petitioner was not a secured creditor with a lien on the automobile.