JERI ANDERSON *v.* FIRST JACKSONVILLE BANK

5-4402                                    423 S. W. 2d 273

Opinion delivered January 29, 1968

*Kenneth Coffelt*, for appellant.

*Ben E. Rice*, for appellee.

LYLE BROWN, Justice. This is a replevin action brought by First Jacksonville Bank against Jeri Anderson. It is undisputed that appellant, Anderson, was in default under the mortgage held by the Bank, and possession of the mortgaged automobile was awarded appellee Bank.

The facts were stipulated by the parties. The appellant executed a promissory note and chattel mortgage to the Bank to secure the purchase price of a 1966 Ford automobile. The certificate of title was never assigned to the appellee; that is, a notation evidencing an encumbrance or lien was never recorded on the title. Jeri Anderson defaulted on the note after making three payments. The sole question to be resolved is whether the Bank is entitled to sustain its action in replevin on the basis of the default and under the facts just recited.

The appeal is founded on two premises. First, appellant asserts that under the Commercial Code a chattel mortgage avails the mortgagee nothing. In support of this proposition we are cited to Ark. Stat. Ann. §§ 85-9-301-2-3-4 (Add. 1961). Appellant claims those provisions provide that a chattel mortgage holder against an automobile is not a lien creditor. The second premise is that Ark. Stat. Ann. § 75-160 (Supp. 1967) (Motor Vehicle Act) states that a valid lien giving right to possession must be noted on the certificate of title. She then points to the stipulation which concedes that the Bank's interest is not noted on the certificate of title. Arguendo, appellant would conclude that the Bank is nothing more than an open account creditor.

We hold the lower court was correct in awarding possession of the automobile to the Bank. A chattel mortgage, as between the parties, is a secured transaction within the meaning of the code. Ark. Stat. Ann. § 85-9-102 (2) (Add. 1961). *Lonoke Prod. Credit Assn.* v. *Bohannon,* 238 Ark. 206, 379 S. W. 2d 17 (1963).

Sections 85-9-301-2-3-4 are not here applicable. Those sections concern priorities of perfected and unperfected security interests as against third persons. This being a suit between the parties, Ark. Stat. Ann. §§ 85-9-201-2-3-4 (Add. 1961) control. Section 85-9-201 reads: "Except as otherwise provided by this act a security agreement is effective according to its terms between the parties. . ." See also *Ward Industries Corp.* v. *Bizzy Bee Cleaners, Inc.,* 6 Adams County Legal Journal 191 (Pa. 1965). Section 85-9-203 provides that the only requirements for an enforcible security interest against a debtor are: (a) a written agreement; (b) the debtor's signature; and (c) a description of the collateral. In the case before us all the requirements are met. So, according to Section 85-9-204, the security interest here attaches immediately because no explicit agreement postponed the time of attaching.

Since a valid security interest *as between the parties* exists under the U. C. C., the final point to be considered is the failure to comply with Ark. Stat. Ann. § 75-160. That statute requires that all liens and encumbrances be noted on the certificate of title. A reading of the statute indicates that it does not apply *as between the parties.* "No . . . chattel mortgage . . . is valid as against the creditors of an owner or subsequent purchaser . . . until the requirements of this article (§§ 75-160, 75-161) have been complied with." In *Benton County Motors* v. *Felder,* 236 Ark. 356, 366 S. W. 2d 721 (1963), we held that the legislative purpose of the statute was for the benefit of bona fide purchasers.

Appellant argues that the unencumbered title remained in her possession and that the Bank's security interest was unperfected. As earlier stated, it is not determinative as between the parties whether the interest is perfected, only that it has attached. As for the "retention of title" argument, the U. C. C. provides for integration of the Motor Vehicle Act into the Code, but they must be read together in order to result in consistency. A primary purpose in the adoption of the U. C. C. was a simplification of the earlier law. One of the more difficult problems resulted in the quest for the title holder. As a result, title is no longer a determining factor under the Code. "Each provision of this Article [chapter] with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or the debtor." Ark. Stat. Ann. § 85-9-202 (Add. 1967).

Since a valid security interest was created by the chattel mortgage and it attached, and nothing in the Motor Vehicle Act changes this as between the parties, the lower court was correct in awarding possession of the automobile to appellee.

Affirmed.