BANK OF DARDANELLE, DARDANELLE, ARKANSAS v.
BIBLER BROTHERS ET AL

5-4537                                    426 S. W. 2d 152

Opinion delivered April 8, 1968

*James K. Young,* for appellant.

*Laws & Schulze,* for appellee.

CARLETON HARRIS, Chief Justice. In May, 1955, Charles Joe Elliott purchased a 32-foot Lufkin semi-trailer in Springfield, Missouri, from Fruehauf. From September 20, 1956, through February 3, 1960, Elliott borrowed money from appellant, Bank of Dardanelle, and executed several chattel mortgages, including, along with other personal property, this trailer as collateral. Elliott died in May, 1960, at which time he was still indebted to the bank. Appellant learned that Bibler Brothers, appellee herein, had possession of the trailer, and made demand for same. However, appellee claimed ownership of the trailer and appellant instituted suit. On trial, the court dismissed the bank's complaint for want of equity and, from the decree so entered, comes this appeal.

The evidence reflects that Elliott had been employed by appellee for a long number of years, and that, at the time the trailer was purchased, Bibler Brothers furnished the money in the amount of $420.00 to enable Elliott to make the down payment. Title remained in Fruehauf until August 5, 1957, at which time, title was transferred to Bibler Brothers by Elliott. Testimony on behalf of appellee was to the effect that the title transfer was made to secure debts owed appellee by Elliott, monies having been paid to him, or on his behalf, over a period of several years. According to the evidence, Elliott was still, at the time of his death, indebted to Bibler Brothers in excess of $3,000.00 (and the Chancellor so found). Further testimony was offered that appellee had no knowledge of the bank's claim until after Elliott's death.

As earlier stated, Elliott gave a chattel mortgage to the bank (including this trailer) on September 20, 1956, and five subsequent chattel mortgages likewise included the trailer. Mr. Robert Holland, cashier of the bank, testified that Elliott was indebted to the institu-

tion in the amount of $2,920.00 at the time of his death, and Holland stated that he specifically remembered that part of the money lent to Elliott was to enable the latter to pay off the indebtedness on the trailer. Holland said that the mortgages were filed in the office of the Pope County Circuit Clerk, but no copies were filed with the Motor Vehicle Division of the State Revenue Department. He also stated that he was aware of the fact that Bibler Brothers held title to the trailer, this information being shown on the pink slip submitted by Elliott (in order that the bank might obtain the serial number of the trailer). Holland testified that the reason given by Elliott for the title being in Bibler Brothers was that this was necessary in order to comply with I.C.C. regulations. The witness said that he "checked with another lumber man who hauls to various states," to verify the procedure. Holland did not seek to ascertain from Bibler Brothers the reason for the trailer being in the name of appellee.

The failure to comply with Ark. Stat. Ann. § 75-160 (Supp. 1967) and § 75-161 (Repl. 1957) is controlling in this litigation. Provisions are as follows:

"(a) No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances with or without notice until the requirements of this article [§§ 75-160, 75-161] have been complied with.

"(b) There shall be deposited with the department [Revenue Department] a copy of the instrument creating and evidencing such lien or encumbrance, which instrument is executed in the manner required by the laws of this State with an attached or indorsed certificate of a notary public stating that the same is a true

and correct copy of the original and accompanied by the certificate of title last issued for such vehicle.''

\* \* \*

''(a)   Such filing and the issuance of a new certificate of title as provided in this article [§§ 75-160, 75-161]˙shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owners, to subsequent purchasers and encumbrancers except such liens as may be authorized by law dependent upon possession. \* \* \*

''(b)   The method provided in this article [§§ 75-160, 75-161] of giving constructive notice of a lien or encumbrance upon a registered vehicle shall be exclusive except as to liens dependent upon possession and any said lien or encumbrance or title retention instrument filed as herein provided and any documents evidencing the same are hereby exempted from the provisions-of.law which otherwise require or relate to the recording or filing of instruments creating or evidencing title retention or other liens or encumbrances upon vehicles of a type subject to registration hereunder.''

In *West, Sheriff* v. *General Contract Purchase Corporation,* 221 Ark. 33, 252 S. W. 2d 405, we pointed out that this statutory method of giving notice is exclusive, and we mentioned that there was no longer any necessity for the documents to be recorded. This holding was reiterated in *Francis* v. *Thomas,* 232 Ark. 547, 338 S. W. 2d 933.

While the mortgage was good, as between the parties (Elliott and the bank), *Anderson* v. *First Jacksonville Bank,* 243 Ark. 977, 423 S. W. 2d 273, there was no notice of the encumbrance to third parties. The fact that appellant filed these mortgages with the Circuit Clerk is of no benefit whatsoever to the bank. Under the statutes, and our cases, herein cited, no notice was given to Bibler that appellant had any sort of claim on the trailer.

Appellant argues that the evidence was insufficient to sustain the Chancellor's holding that Elliott was indebted to Bibler Brothers. While the proof, in many instances, is not bolstered by documentary evidence, we think it entirely sufficient to justify the Chancellor in reaching his conclusions.

It is several times mentioned by appellant that the title to the Lufkin trailer was placed in Bibler Brothers simply because of I.C.C. regulations. However, we are never advised as to the regulations allegedly involved, nor is there any evidence that this was the reason, other than Mr. Holland's statement that Elliott so told him.

Other matters are argued, but we do not consider them pertinent to a decision in this case.

Affirmed.