**In the Matter of Jack Edwards GLASS, Jr., and Laura Elizabeth Glass.**

**Nos. F–68–B–1, F–68–B–2.**

United States District Court
W. D. Arkansas,
Fayetteville Division.

July 11, 1968.

Sam Sexton, Jr., Fort Smith, Ark., for Gordon Brackeen, d/b/a Brackeen Lincoln-Mercury.

J. W. Durden, of Harper, Young, Durden & Smith, Fort Smith, Ark., for City Nat. Bank.

Charles W. Atkinson, Fayetteville, Ark., for trustee.

OPINION

WILLIAMS, District Judge.

This cause is before the Court on a Petition for Review of an order of the Referee in Bankruptcy, dated May 31, 1968, denying a reclamation petition, filed February 21, 1968 by City National Bank, Fort Smith, Arkansas, and Gordon Brackeen, d. b. a. Brackeen Lincoln-Mercury, for an order requiring the Trustee to surrender a 1967 Mercury Cougar. The automobile was purchased new by the bankrupt, had not been registered and no certificate of title had been issued therefor at the time of the filing of the bankruptcy petition. The

reclamation petition was predicated upon the fact that title to the vehicle was retained by Brackeen until full payment of the purchase price. But under the provisions of Secs. 75–160, 75–161 of Ark.Stats.Ann. such title retention instrument is not valid as against subsequent liens unless the instrument is executed and filed in the manner therein provided. In this instance no such instrument was filed.

The Supreme Court of Arkansas has construed the provisions of §§ 75–160, 75–161 of Ark.Stats.Ann. in six opinions and in each instance has held that where the provisions of said sections were not complied with, an asserted claim of title or lien as against those acquiring subsequent title or lien was invalid. West v. General Contract Purchase Corp., 221 Ark. 33, 252 S.W.2d 405; Bettis v. Manhatten Credit Co., 230 Ark. 686, 324 S. W.2d 352; Francis v. Thomas, 232 Ark. 547, 338 S.W.2d 933; Dick Conway Motors, Inc. v. Caldwell-Douglas Co., 233 Ark. 494, 345 S.W.2d 630; Benton County Motors, Inc. v. Felder, 236 Ark. 356, 366 S.W.2d 721; 11 U.S.C. § 110(c).

■ Of course, general creditors of bankrupts are not lienholders within the meaning of the statute. However, § 70c of the Bankruptcy Act provides:

"The trustee shall have as of the date of bankruptcy the rights and powers of: (1) a creditor who obtained a judgment against the bankrupt upon the date of bankruptcy, whether or not such a creditor exists, (2) a creditor who upon the date of bankruptcy obtained an execution returned unsatisfied against the bankrupt, whether or not such a creditor exists, and (3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceedings upon all property * * * upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists." Pub.L. 89–495; 80 Stat. 268 (1966)

Collier in commenting on the question here involved says:

"Under § 70c as to all property vulnerable to a lien through judicial proceedings instituted by a creditor of the bankrupt, the trustee is vested as of the date of bankruptcy with all the rights, remedies and powers of a creditor then holding a lien thereon by virtue of a legal or equitable proceedings. Thus where a bankrupt vendee at the time of the filing of the petition has property in his possession under a conditional sales contract, the trustee, through § 70c, will prevail over the reservation of title in the vendor if a creditor holding such a lien under the applicable state law could have so prevailed at that time." Collier on Bankruptcy, 14th Edition, 4A, 70.57, pg. 661, note 6 and cases there cited. See also In re Ford, U. S.Dist.Ct.E.D.Ark.W.D. (1960) 186 F.Supp. 252.

■ Thus, in this instance the title retaining contract is invalid as against the lien of the trustee in bankruptcy, in view of the provision of § 70c of the Bankruptcy Act, supra.

■ Of course, though the application of § 70c operates in this instance to cut off the asserted security interest of the creditor Brackeen and the City National Bank, "it is elementary that the underlying debtor-creditor relationship, if any, is not altered. The creditor is still entitled to file a claim against the estate as a general creditor for any balance due him." Collier on Bankruptcy, 14th Edition, 70.53[2] note 7 and cases there cited.

Thus it appears that the order of the Referee was correct in denying the reclamation petition of City National Bank of Fort Smith, Arkansas, and Gordon Brackeen, d. b. a. Brackeen Mercury-Lincoln and in disallowing the claim of either as a secured claim.

The order of the Referee is affirmed and the Petition for Review is dismissed.