**In re Roger Clifton JACKSON and Fannie Lynn Jackson, Debtors.**

No. 00–11532M.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

June 26, 2001.

John Lightfoot, El Dorado, AR, for debtor.

Michael Landers, El Dorado, AR, for Regions Bank.

## ORDER

JAMES G. MIXON, Chief Judge.

Roger Clifton Jackson and Fannie Lynn Jackson ("Debtors") filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code on September 7, 2001. William S. Meeks was appointed Trustee and is the acting Trustee in this case.

On December 7, 2000, Regions Bank of El Dorado ("Regions") filed a motion for abandonment and relief from the automatic stay as to a 1995 Freightliner Truck and a 1994 Freightliner Truck, as well as other property. The Debtors agreed to surrender the collateral to Regions, but the Trustee filed an objection alleging that Region's claim of a security interest in the two trucks is not perfected under Arkansas law and, therefore, its claim of a security interest is subordinate to the Trustee's rights under 11 U.S.C. § 544(a), the Bankruptcy Code's "strong-arm clause".

A hearing was conducted on Regions' motion on March 1, 2001, at El Dorado, Arkansas, and this matter was taken under advisement. Written stipulations of fact and briefs were submitted by the parties.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), & (G) (1994), and the Court may enter a final judgment in the case.

## FACTS

The facts are not disputed and are uncomplicated. On November 30, 1999, Debtors executed a promissory note in favor of Regions Bank in the original principal sum of $78,914.50. In an attempt to secure the note, the Debtors also executed a security agreement in favor of Regions dated November 30, 1999, granting Regions a security interest in the two trucks in question. On December 3, 1999, Regions also prepared and filed with the Secretary of State of Arkansas a Uniform Commercial Code financing statement describing the two trucks in question.

At the time the loan was transacted, the titles to the trucks, issued in Oklahoma, reflected that the Debtors were residents of Muldrow, Oklahoma, and the titles also reflected liens in favor of PACCAR Financial Corporation issued November 3, 1998, and Associates Commercial Corporation issued September 1, 1999.

The parties stipulated that the original titles were mailed to Regions Bank after Regions paid the debts owed to Associates Commercial Corporation and PACCAR Financial Corporation, presumably from the disbursement of the loan to the Debtors from Regions as previously described. Associates Commercial Corporation and PACCAR Financial Corporation also executed and delivered to Regions documents releasing their respective liens.

The Debtors, at the instruction of Regions, made a handwritten note on the back of each Oklahoma title certificate that Regions was a lien holder. Regions then instructed Debtors to "have the titles reissued showing Regions Bank as the Lien Holder." (Joint Stipulation of Facts at 3.) The Debtors, however, simply held the titles as they were, and no new title from either Oklahoma or Arkansas was ever issued noting Regions on the face of the title as a lien holder. The Debtors are residents of Arkansas.

## DISCUSSION

The Bankruptcy Code provides:

(a) The trustee shall have ... the rights and powers of ...

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

11 U.S.C. § 544(a)(1) (1994).

■ This provision of the Code, part of the "strong arm clause," enables a trustee to avoid liens on the debtor's property that could have been avoided by a creditor under the applicable local law. 5 Collier on Bankruptcy ¶ 544.01 (Lawrence P. King et al eds., 15th ed. rev.2000). Thus, to determine whether the Trustee's avoidance power as a hypothetical judgment lien creditor is superior to the Bank's position as a lien holder in the personal property at issue, the Court must turn to state law.

■ Arkansas' version of Article 9 of the Uniform Commercial Code governs the perfection of security interests in most kinds of personal property; however, the provisions of Article 9 do not apply to vehicles. *See* Ark.Code Ann. § 4–9–302(3)(b) (Michie Supp.1999) (stating that the filing of a financing statement is not effective to perfect a security interest in property subject to the laws concerning the filing of liens and encumbrances on motor vehicles).

Rather, the methods for perfection of a security interest in a vehicle are provided for by the Motor Vehicle Act, specifically sections 27–14–802–806 of the Arkansas Code. State law provides that to perfect a lien in a vehicle the creditor must deposit with the central office of motor vehicles "a copy of the instrument creating and evidencing a lien or encumbrance, which in-

strument is to be executed in the manner required by the laws of this state and accompanied by the certificate of title last issued for the vehicle." Ark.Code Ann. § 27–14–802(a) (Michie 1994).

A creditor also has the option to perfect its lien pursuant to section 806(a) of the Motor Vehicle Act:

(a)(1)(A) At his option, a lienholder may:

(i) Record the lien of the manufacturer's statement of origin; or

(ii) Record the lien on an existing certificate of title and

(B) File with the Revenue Division of the Department of Finance & Administration a certified copy of the instrument creating and evidencing the lien or encumbrance.

Ark.Code Ann. § 27–14–806(a)(1)(A)–(B) (Michie 1994).

The Arkansas Code further states:

No conditional sale contract, conditional lease, chattel mortgage, or other lien or encumbrance or title retention instrument upon a vehicle, of a type subject to registration under the laws of this state other than a lien dependent upon possession, is valid as against the creditors of an owner acquiring a lien by levy or attachment or subsequent purchasers or encumbrances, with or without notice, until the requirements of this subchapter have been complied with.

Ark.Code Ann. § 27–14–801 (Michie 1994).

■ Thus, unless a creditor perfects its lien under one of the statutes cited above, the lien is unperfected against the rights of a third party. *Union Nat'l Bank v. Hooper,* 295 Ark. 83, 87, 746 S.W.2d 550, 552 (1988) (bank which failed to perfect its security interest in vehicle under motor vehicle registration statutes could not enforce its lien against subsequent buyer of vehicle); *Commercial Credit Corp. v. Nat'l. Credit Corp.,* 251 Ark. 702, 704, 473

S.W.2d 881, 883 (1971) (creditor was not lien encumbrancer as to third parties because of failure to comply with filing requirements of trust receipt to automobile); *Bank of Dardanelle v. Bibler Brothers,* 244 Ark. 534, 537, 426 S.W.2d 152, 153 (1968) (Bank's lack of compliance with recordation requirements of Motor Vehicle Act meant no notice was given as to encumbrance to third parties, despite Bank's recorded chattel mortgage).

Regions cites *Turney v. Roberts,* 255 Ark. 503, 501 S.W.2d 601 (1973) in arguing that it holds a security interest in the vehicles under the principles of equitable subrogation because it paid off existing indebtedness. This argument misses the point. There is no dispute that Regions holds a security interest in the vehicles because the Debtors specifically granted it in the security agreement.

However, the security interest is not perfected under state law, and the Motor Vehicle Act specifically states that such an interest is not effective against subsequent purchasers or encumbrances, with or without notice. By virtue of section 544 of the Bankruptcy Code and the Motor Vehicle Act, the Trustee's state law rights in the vehicle are those of a judgment creditor holding a judicial lien and are superior to those of Regions. *See, First Nat'l Bank v. Turley,* 705 F.2d 1024 (8th Cir.1983); 5 Collier on Bankruptcy ¶ 544.05 (Lawrence P. King et al. eds., 15th ed. rev.2000).

Regions cites the recent case of *Meeks v. Mercedes–Benz Credit Corp. (In re Stinnett),* 241 B.R. 599 (Bankr.W.D.Ark.1999) to establish the rule that a debtor's failure to comply with Arkansas vehicle registration laws does not affect the validity of the creditor's security interest. That case, however, is inapposite, inasmuch as the Court in *Stinnett* found that the creditor was properly perfected in another state.

Regions makes no claim to have complied with perfection statutes in this or any other state.

Therefore, the motion for relief from the automatic stay is denied.

IT IS SO ORDERED.